515 P.2d 668

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**William D. OLIVE, Defendant-Appellant.**

**No. 1103.**

Court of Appeals of New Mexico.

Sept. 12, 1973.

Rehearing Denied Oct. 9, 1973.

Certiorari Denied Nov. 2, 1973.

Fred Chris Smith, Gallup, for defendant-appellant.

David L. Norvell, Atty. Gen., Randolph B. Felker, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HERNANDEZ, Judge.

The defendant was convicted of possession of marijuana weighing more than eight ounces in violation of § 54–11–23(B)(3), N.M.S.A.1953 (1972 Interim Supp.), a fourth degree felony. He sets out four points of error on this appeal all revolving around a single issue—whether the marijuana found in his possession was properly weighed.

We affirm.

Defendant was arrested for possession of marijuana after police officers observed him in the yard of a private home with some plants in his hand which the officers identified as green marijuana plants. The plants were seized and immediately sent to a laboratory in Albuquerque where they were positively identified as marijuana and weighed. The testimony of the chemist indicates that the plants were in substantially the same condition when he weighed them in Albuquerque as when defendant was arrested, that is, the plants had not dried out. The laboratory weight of the plants was in excess of eight ounces.

At trial defendant offered evidence by an expert witness that the weight, some two and one-half months after the original weighing, was "approximately" four ounces. The defendant contended that the weight of the dried plants was the weight to be used under § 54–11–23(B)(3), supra, because marijuana is usable as a stimulant only in the dried state. The state's expert testified that marijuana did not necessarily have to be dry to be usable. The trial court ruled that it interpreted the statute to mean the weight at the time of the offense and not at some subsequent time.

On this appeal defendant argues that (1) the state did not carry its burden of proof in showing the weight of the marijuana because of the discrepancy between green

and dried plants, (2) that the trial court committed reversible error in refusing defendant's offer of proof on the issue of weight, (3) that the statute applied to defendant in the context of the green-dried problem violates principles of equal protection and due process, and (4) that the statute is void because of the vagueness inherent in the weight issue.

We find no merit in any of defendant's contentions. Section 54–11–23(B)(3), supra, states in pertinent part:

"Any person who violates this section with respect to:

    \*    \*    \*    \*    \*    \*

"(3) eight [8] ounces or more of marijuana is guilty of a fourth degree felony. . . ." .

The definition section of the Controlled Substances Act, § 54–11–2(O), N.M.S.A. 1953 (1972 Interim Supp.), defines marijuana as

" . . . all parts of the plant Cannabis sativa L., *whether growing or not,* the seeds thereof, and every compound, manufacture, salt, derivative, mixture or preparation of the plant or its seeds. It *does not include the mature stalks of the* plant. . . . " [Emphasis ours]

Moreover, we are required to give force and effect to each and every portion of a statute, State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct.App.1968), and to assume that the legislature used no surplus words in its enactment of the Controlled Substances Act. Cromer v. J. W. Jones Const. Co., 79 N.M. 179, 441 P.2d 219 (Ct.App.1968). The language of the statute shows that it applies with equal force to the "growing plant" as well as to dried marijuana and various derivative products of the plant. The legislature intended to prohibit both the cultivating and the use of the plant. We are required to give common sense interpretations to statutes. Bettini v. City of Las Cruces, 82 N. M. 633, 485 P.2d 967 (1971). A common sense interpretation of § 54–11–23(B)(3), supra, read in conjunction with § 54–11–

2(O), supra, requires that the weight of eight ounces mentioned in § 54–11–23(B)(3), supra, be interpreted to mean the weight of the plant, or the plant's derivative products, weighed *in the form seized* whether that form be the green plant, the dried plant or the various products which may be derived from the plant. To hold that the weight of seized marijuana may only be computed on the basis of its weight after drying would be to disregard the clear intent of the legislature in proscribing the possession of marijuana plants "whether growing or not."

The defendant offered to have his expert reweigh the marijuana at trial. The trial court refused the offer by stating that the testimony of defendant's expert (relating to approximately four ounces of marijuana) would stand. Defendant's contention now that the refusal to permit the reweigh was error is without merit. The trial court had accepted defendant's expert witness' testimony that the weight would be less than eight ounces. Defendant was not prejudiced by the refusal.

Defendant's third contention that by allowing the state to determine at what time it will weigh the marijuana (which determines the penalty under § 54–11–23(B)(3), supra), deprives defendant of his right to equal protection because of unequal treatment is without merit. Defendant asserts that since the Controlled Substance Act makes no mention of when the weighing is to be done then it must be done in an approved scientific manner, that is, the dry weight, is also without merit. The testimony by the state's expert witness was that marijuana need not necessarily be dry to be usable. Inherent within § 54–11–2(O), supra, when referring to the plant marijuana "whether growing or not" is implicit a substantially contemporaneous weighing of the plant, whether growing or not, after the seizure. The fact that the Act does not specifically state when the weighing is to be done does not mean that § 54–11–23(B)(3), supra, as applied to de-

fendant is a violation of his rights to equal protection. It is the possession of marijuana, on the date of the offense, which is the prohibited act and not the amount in some subsequent form suitable to a particular defendant.

■ Furthermore, defendant's argument as to the vagueness of the statute is not well taken. The statute is clear; possession of more than eight ounces of marijuana in the forms set out in the statute is a fourth degree felony. The language of the definitional section coupled with § 54–11–23(B)(3), supra, is not so indefinite that men of common intelligence must guess at its meaning and scope. Compare State v. Minns, 80 N.M. 269, 454 P.2d 355 (Ct. App.1969).

The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.