STATE OF NEBRASKA, APPELLEE, V. STEVEN INFANTE, APPELLANT.

260 N. W. 2d 323

Filed December 14, 1977. No. 41439.

James M. Tyler, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Steven Infante, defendant and appellant herein, was charged with possessing marijuana weighing more than 1 pound under section 28-4,125 (5), R. R. S. 1943. Defendant was tried before a jury, which returned a verdict of guilty, and was placed on probation for a period of 1 year. Defendant has now appealed to this court, contending that evidence regarding the weight of the marijuana found in his possession was improperly received at trial; that the evidence presented by the State was insufficient to sustain his conviction; and that section 28-4,115 (14), R. R. S. 1943, is unconstitutional. We affirm the judgment of the District Court.

On August 2, 1976, defendant was apprehended when in possession of a bundle of freshly harvested, unprocessed marijuana plants which an investigator

for the State weighed in bulk ½ hour after their seizure, on a scale at the police station. Although the scale was not one certified for accuracy by any state agency, the investigator had previously checked the scale, and stated that it appeared to be in proper working order and was accurate when tested against known weights. The weight of the marijuana plants, including two plastic sacks in which they had been placed, a cloth binding the plants together, and bits of paper and ordinary grass was 9 pounds. The investigator removed stems and plant foliage weighing 1 pound, and sent them to the state laboratory for analysis by a chemist. The bundle of plants retained by the investigator was introduced at trial, as were the plants sent to the chemist.

By the day of trial on November 18, 1976, the plants retained by the investigator had dried and shriveled, causing a shrinkage in weight, and weighed 3 pounds, including mature stalks and wrappings. The chemist testified that the plants sent to him for analysis weighed 1 pound, 1 ounce, at the time he tested them, on August 5, 1976, but there was no evidence as to their weight on the day of trial. The investigator testified that he had stripped the leafy material from three stalks of plants, and had weighed the stalks and leaf material separately. He found that the leafy material comprised approximately 45 percent of the total weight of both the leafy material and the stalks. The State introduced this evidence to show that the weight of the plants possessed by the defendant, excluding the weight of mature stalks, was greater than 1 pound.

The defendant objected to all the evidence regarding the weight of the plants on the grounds that the scale used to weigh the plants had not been shown to be accurate, and that evidence of weight including stalks was incompetent, irrelevant, and immaterial. Defendant objected to admission in evidence of the marijuana plants because they contained stalks.

The trial court overruled these objections, and also overruled defendant's motion for a directed verdict at the close of the State's evidence. The defendant rested without presenting evidence.

The jury was instructed on both the crime charged and the lesser-included offense of possessing marijuana weighing 1 pound or less. The trial court included in its instructions to the jury relevant parts of section 28-4,115 (14), R. R. S. 1943, which provides that: "Marijuana shall mean all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; * * * but shall not include the mature stalks of such plant, * * * and where the weight of marijuana is referred to in sections 28-459 and 28-4,115 to 28-4,142 it shall mean its weight *at or about the time it is seized or otherwise comes into the possession of law enforcement authorities, whether cured or uncured at that time*; * * *." (Emphasis supplied.) The jury was also instructed that the word "stalk" as applied to a marijuana plant "shall mean the stem or axis thereof." The jury found the defendant guilty as charged.

It is clear that under section 28-4,115 (14), R. R. S. 1943, the mature stalk of a marijuana plant is not included in the definition of "marijuana," and the State concedes that it had the burden of proving beyond a reasonable doubt that the marijuana plants in defendant's possession, exclusive of mature stalks, weighed more than 1 pound. It is also clear that the weight of marijuana means its weight at the time it was seized, whether cured or uncured at that time.

It is appropriate to discuss first defendant's contention that section 28-4,115 (14), R. R. S. 1943, is unconstitutional as in violation of equal protection of the law. Defendant argues that it is unconstitutional to establish the weight of marijuana as its weight at the time it is seized, whether cured or uncured, be-

cause persons possessing recently harvested, "wet" marijuana are treated more harshly than those possessing cured, "dry" marijuana because the latter weighs less than the former. Although novel, we conclude this argument is without merit.

It has long been the rule that when there is no statutory classification drawn on the basis of suspect criteria such as race, there is no denial of equal protection if the challenged statute bears some rational relationship to legitimate state ends. See, Porras v. Nichol, 405 F. Supp. 1178 (Neb., 1975); Botsch v. Reisdorff, 193 Neb. 165, 226 N. W. 2d 121 (1975). The statute in question does not establish a classification of persons who are treated differently, but merely establishes a point of time at which to determine the weight of marijuana in all cases. An obvious rational purpose of establishing the time as the time of seizure is to enable the State to determine what charge should be filed against someone found in possession of marijuana. Defendant has cited no cases or authorities which suggest that such a statute is unconstitutional, and we have found none. The statute is not arbitrary, and bears some rational relationship to a legitimate state end. Therefore it is not unconstitutional.

Defendant's second contention is that there was not sufficient admissible evidence to prove that he possessed marijuana, as defined by statute, weighing more than 1 pound at the time it was seized. The rule is well-established that the verdict of a jury must be sustained, if, taking the view most favorable to the State, there is substantial evidence to support it. State v. Fowler, 193 Neb. 420, 227 N. W. 2d 589 (1975); State v. Lacy, 195 Neb. 299, 237 N. W. 2d 650 (1976); State v. Thompson, 198 Neb. 48, 251 N. W. 2d 387 (1977).

Defendant's primary objections to the evidence in this case were that (1) the scale on which the marijuana was first weighed was not shown to have been

accurate and was not certified for accuracy; and (2) the weight of the plants seized, including stalks and wrappings, was not competent evidence of the weight of marijuana, as defined by statute, found in defendant's possession. Although it is true that the scale on which the marijuana was first weighed was not a certified scale, defendant cites no authority for the proposition that such a scale is required. There was testimony that the investigator had checked the scale prior to the weighing of the marijuana, and that it was in proper working order and accurate when tested against a known weight. The credibility of this testimony, and the reliability of the scale, were issues for the jury, and it is not the province of this court to resolve such issues. State v. Partee, *ante* p. 305, 258 N. W. 2d 634 (1977). The evidence was clearly sufficient to permit the jury to conclude that the scale used by the investigator was accurate and reliable.

With respect to the evidence of weight of the marijuana plants, there was evidence that the plants and wrappings weighed 9 pounds when seized, and that approximately 45 percent of the weight of the plants was attributable to marijuana as defined in section 28-4,115 (14), R. R. S. 1943. Even if it were assumed that the two plastic sacks, a piece of cloth, and several bits of paper and normal grass weighed as much as 3 or 4 pounds, the evidence was sufficient to permit the jury to conclude that the defendant was in possession of more than 1 pound of marijuana, as defined by statute. Had the State not presented evidence from which the jury could determine that the weight of the plants, excluding mature stalks, was more than 1 pound, we would agree with the defendant that the evidence could not be deemed sufficient. Although the State was somewhat careless and less than thorough in presenting its case, and should have weighed enough of the marijuana, excluding mature stalks, to obtain an exact weight, rather than

perform an experiment to ascertain the proportional weight of stalks and leafy material, there was such a large quantity of plants in this case at the time of the seizure, to wit, over 9 pounds, that it cannot be said that the evidence was insufficient. The evidence was sufficient to take the case to the jury, which was properly instructed with respect to the statutory definition of marijuana and the State's burden to prove that the defendant possessed more than 1 pound of marijuana, as defined by statute. On the particular facts of this case, we cannot say that there was not sufficient evidence to support the verdict of the jury.

The contentions of the defendant are without merit, and therefore the judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in result.