798 P.2d 1295

STATE of Arizona ex rel. ROSS,
Director, Motor Vehicles
Division, Petitioner,

v.

William Daniel NANCE, real party in interest, and Honorable Michael D. Ryan, Judge of the Superior Court of Maricopa County, Respondents.

No. CV-90-0001-SA.

Supreme Court of Arizona,
En Banc.

May 24, 1990.

Reconsideration Denied Oct. 23, 1990.

Robert K. Corbin, Atty. Gen. by Janis M. Haug, Joe Acosta, Jr., Asst. Attys. Gen., Phoenix, for petitioner.

Labdon & Morgan, P.C. by Cameron A. Morgan, Scottsdale, for respondent.

Michael J. Dew, Phoenix, amicus curiae.

OPINION

MOELLER, Justice.

FACTS AND JURISDICTION

Respondent William Daniel Nance was arrested for driving while intoxicated. Approximately one hour after his arrest, respondent submitted to a breath test that resulted in a blood alcohol content (BAC) of .110. Pursuant to A.R.S. § 28–694, the arresting officer served respondent with an order of suspension of driving privileges. Respondent timely requested an administrative hearing under the statute. At the hearing, the BAC test result was received without objection. The hearing officer ordered respondent's license suspended. Respondent then moved for a rehearing, contending for the first time that the state was required to relate the BAC result back to the time of driving. The hearing officer disagreed.

On appeal, the superior court vacated the order of suspension, holding that this court's recent decision in *Desmond v. Su-*

*perior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989) required relation back evidence in suspension proceedings under A.R.S. § 28–694.

■ Although the superior court's judgment is reviewable by appeal to the court of appeals, *see* A.R.S. § 12–913, the state, through the Motor Vehicles Division, filed a petition for special action directly in this court. Both parties urged us to accept jurisdiction to resolve the issue because several cases are pending in our appellate courts that present the same issue.[1] The same issue is present in most, if not all, administrative suspension proceedings, of which more than 20,000 occur per year. Numerous administrative appeals to superior courts have produced conflicting results.

Because the issue is one of statewide significance involved in many cases, it is an appropriate case for special action. *See Summerfield v. Superior Court,* 144 Ariz. 467, 698 P.2d 712 (1985). Accordingly, we accept jurisdiction pursuant to Ariz. Const. art. 6, § 5(4), and Rule 1, Ariz.R.P.Sp.Act., 17B A.R.S. For the same reasons, we have allowed the filing of an *amicus curiae* brief.

## ISSUE PRESENTED

Whether the BAC test result must be "related back" to the time of driving for purposes of an administrative license suspension proceeding under A.R.S. § 28–694.

## DISCUSSION

■ Both parties agree that the issue presented in this case is entirely one of statutory construction. In 1987, the Arizona legislature amended the driving while intoxicated and reckless driving laws. H.B. 2273, 1st Sess., 5 Ariz.Leg.Serv. 787–96 (1987). Title 28, chapter 6, article 5 of the Arizona Revised Statutes was amended by adding section 28–694, which provides

for the administrative suspension of drivers' licenses. Laws 1987, ch. 262, § 4. A.R.S. § 28–694 provides in part:

§ 28–694 **License suspension if blood or breath alcohol test results indicate a concentration of 0.10 or more; hearing; review of suspension order; appeal; definition**

**A.** *If a law enforcement officer arrests any person for a violation of § 28–692 and the person submits to a blood or breath alcohol test permitted by § 28–691, the results of which indicate 0.10 or more alcohol concentration in the person's blood or breath,* as determined according to § 28–692, subsection F, the officer shall forward to the department a certified report, . . . stating information . . . including . . . a statement of the officer's grounds for belief that the person was driving or in actual physical control of a motor vehicle in violation of § 28–692, that the person was arrested for a violation of § 28–692 and a report of the results of the chemical test which was administered.

(emphasis added).

In addition, the statute requires the officer to serve an order of suspension, seize any license and issue a temporary driving permit. The statute sets forth the department's duties upon receipt of the officer's report and provides a method for the driver to request a hearing. If a hearing is requested, subsection E of the statute provides:

**E.** The scope of the hearing for the purposes of this section shall include only the issues of whether the officer had reasonable grounds to believe the person was driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor, whether the person was placed under arrest for a violation of § 28–692, *whether a test was taken, the results of which*

---

1. *See, e.g., Hunter v. ADOT, appeal docketed,* No. 1 CA–CV 89–628 (Ct.App. Dec. 28, 1989); *North v. ADOT, appeal docketed,* No. 1 CA–CV 89–582 (Ct.App. Dec. 5, 1989); *Hennis v. ADOT, appeal docketed,* No. 1 CA–CV 89–479 (Ct.App. Oct. 3, 1989); *Bohr v. ADOT, appeal docketed,* No. 1 CA–CV 89–465 (Ct.App. Sept. 25, 1989); *Mar-*

*tinez v. ADOT, appeal docketed,* No. 1 CA–CV 89–413 (Ct.App. Aug. 28, 1989); *Isbell v. ADOT, appeal docketed,* No. 1 CA–CV 89–233 (Ct.App. June 2, 1989); *Knapp v. ADOT, appeal docketed,* No. 1 CA–CV 89–083 (Ct.App. Feb. 16, 1989); *Medina v. ADOT, appeal docketed,* No. 1 CA–CV 88–599 (Ct.App. Dec. 15, 1988).

*indicated an alcohol concentration of 0.10 or more,* whether the testing method used was valid and reliable and whether the test results were accurately evaluated. The results of the test shall be admitted on establishing the requirements listed in § 28–692.03 ...

(emphasis added).

 Respondent driver argues that before the BAC reading may be used at the administrative hearing, § 28–694 requires evidence relating the reading back to the time of driving. In interpreting a statute, we must determine and give effect to the legislative intent behind the statute. *Martin v. Martin,* 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988). To determine legislative intent, we examine the policy behind the statute and the evil sought to be remedied. *City of Mesa v. Salt River Project,* 92 Ariz. 91, 105, 373 P.2d 722, 732 (1962). We also consider the context of the statute, the language used, the subject matter, the historical background, and the effects and consequences of the statute. *Calvert v. Farmers Ins. Co.,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985).

Resolving the issue presented in this case can be determined by analyzing the statute's purpose and the language used to describe how the purpose is to be carried out. Prior to the 1987 amendments, license suspensions in DUI cases could be ordered by the court only after a conviction was obtained under § 28–692. Understandably, considerable delay occurred between the time of arrest and the time of conviction. The 1987 amendments now permit administrative suspensions immediately after an arrest and irrespective of a conviction for DUI.

A.R.S. § 28–694 refers several times to *blood or breath tests with results of 0.10 BAC or more. See, e.g.,* A.R.S. § 28–694(A) ("person submits to a blood or breath alcohol test ..., the results of which indicate 0.10 or more alcohol concentration ... "); (C) ("the results of the blood or breath alcohol test, the results of which indicate 0.10 or more alcohol concentration ..."); (E) ("the results of which indicated an alcohol concentration of 0.10 or more ... "). In the absence of a clearly expressed legislative intent to the contrary, we find this language to be reliable evidence of its intent. *See State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983). Furthermore, the title of House Bill 2273, Laws 1987, chapter 262, reads "An act relating to transportation; providing for administrative suspensions of a driver's license or permit of a person ... whose test results indicate an alcohol concentration of 0.10 ... or more...." Although A.R.S. § 1–212 mandates that title and section headings in statutes are not part of the law, we may properly refer to titles and captions in legislative bills for indications of legislative intent. *See State v. Superior Court,* 128 Ariz. 535, 537, 627 P.2d 686, 688 (1981). When we analyze the language of the statute together with the title of the bill, it is clear that the purpose of A.R.S. § 28–694 is to provide a method of administratively suspending licenses based on a BAC test result of 0.10 or more.

In *Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989), we analyzed and applied the "at the time of the alleged offense" language of A.R.S. § 28–692. We held that A.R.S. § 28–692 required "relation back" evidence to establish a prima facie case of DUI, or to authorize a statutory presumption instruction based on the BAC. By contrast, the absence of the "at the time of the alleged offense" language in A.R.S. § 28–694 negates a requirement of "relation back" testimony prior to an administrative suspension. Had the legislature intended that the critical time be at "the time of the alleged offense," it would have said so, as it did in A.R.S. § 28–692. *See Padilla v. Industrial Comm'n,* 113 Ariz. 104, 106, 546 P.2d 1135, 1137 (1976) ("equally fundamental is the presumption that what the legislature means, it will say").

Invoking the doctrine of *in pari materia,* respondent driver contends that because A.R.S. § 28–694 makes several references to other DUI statutes, "[i]t is clear that the legislative intent was that A.R.S. § 28–694 is nothing more than an administrative procedure designed to implement

license suspensions for violations of A.R.S. § 28–692 and to invoke the presumptions of A.R.S. § 28–692(B) and (E)." Brief for Respondent at 11. Construing the DUI statutes together, we disagree with this contention and conclude that a driver's license may be administratively suspended under A.R.S. § 28–694 when the test results in a reading of 0.10 or more. By the same token, we conclude, and the state agrees, that if the reading is below 0.10 it may not be the basis for an administrative suspension under A.R.S. § 28–694, even though relation back evidence would show that the driver's probable reading was 0.10 or more at the time of driving. Of course, drivers whose tests fall below 0.10 remain subject to suspension if convicted of DUI. *See* A.R.S. § 28–692.01(J). Any other construction of these various statutory provisions would render one or more of them redundant or meaningless.

We believe A.R.S. § 28–694 mandates a bright-line rule that administrative suspensions are appropriate when the test results in a reading of 0.10 or more at the time of the test, without regard to a projected reading at the time of driving. This interpretation rationally serves the legislative purpose of expeditiously suspending the licenses of those with test results of 0.10 or more, rather than waiting until and unless the driver is convicted of DUI.[2]

## DISPOSITION

A.R.S. § 28–694 permits administrative suspension of a driver's license based on a driver's BAC at the time of testing, not at the time of driving. Having accepted jurisdiction of this special action, relief is granted. The temporary stay previously issued is quashed. The superior court judgment is vacated and this matter is remanded with directions to affirm the department's suspension order.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.

2. Respondent and amicus suggest that the statutory interpretation which we adopt could produce license suspensions based on tests so long delayed that the results would bear no relation whatever to driving and might even involve drinking between the time of arrest and the time of the test. The instant case involves a test taken approximately one hour after the arrest. Respondent was in custody and there is no evidence that he drank anything between the time of arrest and the time of the test. This factual scenario is the common one and it is the one we deal with in this opinion. We are not presented with nor do we decide the issue of whether BAC test results not taken within a reasonable period of time after arrest are admissible in criminal proceedings.