799 P.2d 868

John L. KNAPP, Petitioner–Appellant,

v.

Charles L. MILLER, Director, Arizona Department of Transportation; Lee A. Prins, Division Director, Arizona Department of Transportation; Arizona Department of Transportation and the Attorney General, State of Arizona, Real Parties in Interest, Respondents–Appellees.

No. 1 CA–CV 89–083.

Court of Appeals of Arizona, Division 1, Department C.

June 14, 1990.

Review Denied Nov. 14, 1990.

Roger J. Blake, Phoenix, for petitioner-appellant.

Robert K. Corbin, Atty. Gen. by William S. Jameson, Asst. Atty. Gen., Phoenix, for respondents-appellees.

## OPINION

McGREGOR, Judge.

Petitioner-appellant John L. Knapp ("Knapp") appeals from a judgment affirming an administrative order suspending Knapp's driver's license pursuant to A.R.S. § 28–694. We affirm the judgment.

### I.

At approximately 5:30 p.m. on February 19, 1988, Knapp was involved in a minor automobile accident in Phoenix, Arizona. When Officer Wilson of the Department of Public Safety arrived at the accident scene fifteen minutes later, the Phoenix police officers at the scene told Wilson that they thought they had smelled alcohol on Knapp's breath. During conversation with Knapp, Wilson detected a moderate smell of alcohol on Knapp's breath. Knapp admitted to Wilson that he had drunk "a couple of beers" earlier in the afternoon.

Because of Knapp's admission, the smell of alcohol on his breath, and the accident, Wilson asked Knapp to perform standard field sobriety tests. Wilson concluded that Knapp failed the tests and placed Knapp under arrest for driving under the influence pursuant to A.R.S. § 28–692.A.[1]

Wilson then transported Knapp to the police station. At 7:56 p.m., more than two hours after the accident, Knapp took a breath test, which indicated that his blood alcohol concentration (BAC) was 0.10. Pursuant to A.R.S. § 28–694.A,[2] Wilson required Knapp to surrender his driver's license and issued him a temporary driving permit. Wilson served the statutorily required order of suspension on Knapp, effective within 15 days after the date of service. Knapp immediately exercised his right under section 28–694.C to request an administrative hearing to challenge his license suspension.[3]

---

1. The state subsequently charged Knapp with driving under the influence and driving with a blood alcohol content of 0.10 or more under A.R.S. § 28–692.A and B and with speeding under A.R.S. § 28–701.A. Knapp pled guilty to speeding, and the state dismissed the drunk driving charges.

2. A.R.S. § 28–694.A provides in part:
 A. If a law enforcement officer arrests any person for a violation of § 28–692 and the person submits to a blood or breath alcohol test permitted by § 28–691, the results of which indicate 0.10 or more alcohol concentration in the person's blood or breath, as determined according to § 28–692, subsection F, the officer shall forward to the department a certified report, subject to the penalty for perjury prescribed by § 28–1062, stating information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person was driving or in actual physical control of a motor vehicle in violation of § 28–692, that the person was arrested for a violation of § 28–692 and a report of the results of the chemical test which was administered. The officer shall make the report required by this section on forms supplied or approved by the department. The officer shall also serve, on behalf of the department, an order of suspension on the person, which is effective fifteen days after that date, and require the immediate surrender of any license or permit to drive which is issued by this state and is in the possession or control of the person.... If a valid license or permit is surrendered, the officer shall issue a temporary driving permit which is valid for fifteen days.

3. A.R.S. § 28–694.C provides:
 C. If the department receives only the report of the results of the blood or breath alcohol test, the results of which indicate 0.10 or more alcohol concentration in the person's blood or breath, it shall notify the person named in the report in writing sent by mail that fifteen days after the date of issuance of the notice the department will suspend the person's license or permit, driving privilege or nonresident driving privilege. The notice shall also state that the department will provide an opportunity for a hearing and administrative review if the person requests a hearing or review in writing and the request is received by the department within fifteen days after the notice is sent.
 Knapp's request for a hearing stayed the license suspension until the time of hearing. A.R.S. § 28–694.D.

At the administrative hearing, Gary Carmack, Knapp's expert witness, testified that Knapp's BAC at the time he was driving on the day of his arrest would have been approximately 0.08. Mr. Carmack also testified that the breathalyzer used to test Knapp has an inherent error of plus or minus 0.01. The Department of Transportation did not dispute this testimony. The hearing officer found that Knapp's BAC at the time of the test was 0.10 or more and sustained the order suspending Knapp's driver's license.

Knapp filed a superior court action seeking review of the administrative decision. *See* A.R.S. § 12–901 *et seq.* The trial court found the administrative decision supported by competent evidence, rejected Knapp's argument that section 28–694 is unconstitutional, and affirmed the administrative decision.

Knapp filed a timely appeal in this court. We have jurisdiction pursuant to A.R.S. §§ 12–120.21.A and –2101.B.

## II.

In this appeal, Knapp argues that section 28–694 violates the United States Constitution's guarantees of substantive due process, procedural due process, and equal protection of the law. U.S. Const.Amend. XIV. A strong presumption favors the constitutionality of a legislative enactment. We will not declare invalid a legislative enactment unless we are satisfied that the enactment conflicts with the state or federal constitution. *See Chevron Chemical Co. v. Superior Court,* 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982); *State v. Book–Cellar, Inc.,* 139 Ariz. 525, 528, 679 P.2d 548, 551 (App.1984).

### A. *Substantive Due Process*

■ Knapp's challenge to section 28–694 centers upon the statutory requirement that, before the Department of Transportation may suspend the license of a driver arrested under section 28–692, the criminal drunk driving statute, the results of the driver's blood or breath alcohol test must indicate a BAC of 0.10 or more. *See* A.R.S. § 28–694.A and E. Knapp urges us to interpret section 28–694 to permit license suspension only if the driver's BAC was at least 0.10 at the time of driving rather than at the time of the test. Such an interpretation, Knapp argues, would make section 28–694 consistent with section 28–692.

The Arizona Supreme Court recently rejected that argument and construed section 28–694 to permit administrative suspension of a driver's license when a driver's BAC at the time of the test is 0.10 or more, "without regard to a projected reading at the time of driving." *State v. Nance,* 165 Ariz. 286, 289, 798 P.2d 1295, 1298 (1990). The court distinguished section 28–694 from section 28–692, which requires "relation back" evidence, finding persuasive the fact that the legislature omitted section 28–692's "at the time of the alleged offense" language from section 28–694. *Id.* at 288–289, 798 P.2d at 1297–1298; *see Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989). Under section 28–694, then, a driver's BAC at the time of the test, rather than his BAC at the time he was driving, is the determinative factor in suspension proceedings.

■ Knapp contends, however, that if the Department of Transportation can suspend a license as the result of a driver's BAC at the time of a test administered after driving ends, the statute lacks a rational basis. Whatever may be the relationship between a driver's BAC while he is driving and the state's interest in deterring drunk driving, Knapp argues, no reasonable relationship exists between a driver's BAC at the time of a test and the state's interest in deterring drunk driving.

To comply with due process requirements, a statute must be reasonably related to a legitimate state interest. *Baseline Liquors v. Circle K Corp.,* 129 Ariz. 215, 218, 630 P.2d 38, 41 (App.1981), *cert. denied, Skaggs Drugs Centers v. Baseline Liquors,* 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 387 (1981). If a statute could serve any purpose related to public health, safety, or welfare, we will not question the wisdom of the legislature. *State v. McI-*

*nelly,* 146 Ariz. 161, 163, 704 P.2d 291, 293 (App.1985).

The legislature's purpose in enacting section 28–694 was to provide an expeditious procedure for removing drunk drivers from the roads. Ariz. H.R. 38th Leg., 1st Sess., Judiciary Comm. 3/9/87; *Nance,* 165 Ariz. at 288, 798 P.2d at 1297. That purpose is related to the state's compelling interest in removing alcohol-impaired drivers from the roads because they pose a clear threat to the safety of the public. *See Hinson v. Coulter,* 150 Ariz. 306, 310, 723 P.2d 655, 659 (1986); · *Fuenning v. Superior Court of the State of Arizona,* 139 Ariz. 590 at 595, 680 P.2d 121 at 126 (1983). The terrible carnage on our highways caused the legislature to adopt "[s]tringent laws ... designed to end the lethal combination of alcohol and automobile." *Fuenning,* 139 Ariz. at 595, 680 P.2d at 126.

The legislature could reasonably conclude that a driver who registers a BAC of 0.10 at the time of a test administered after the driver's arrest for a section 28–692 violation presents sufficient danger to the public to justify license suspension, subject to the protection provided by the hearing procedure.[4] *See Nance,* 165 Ariz. at 289, 798 P.2d at 1298; *see also Fuenning,* 139 Ariz. at 595, 680 P.2d at 126 (the general consensus of scientific thought seems to be that most drivers experience significant impairment of driving ability at a BAC level of .05% to .08%). We therefore conclude that section 28–694 is reasonably related to

the legislative end of removing people who drink and drive from the roads.[5]

◼ Knapp next argues that the statute is void for vagueness. A statute is void for vagueness if it fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly. *See Fuenning,* 139 Ariz. at 598, 680 P.2d at 129. Knapp contends that a person of ordinary intelligence cannot anticipate the point in time after arrest when a police officer will administer a breath test and therefore cannot act to avoid violating section 28–694.

◼ In *Fuenning,* our supreme court rejected a similar challenge to the constitutionality of section 28–692. The court concluded that, although a particular drinker may not know the precise moment when his BAC becomes 0.10, that fact does not invalidate the statute.[6] The court stated:

> Those who drink a substantial amount of alcohol within a relatively short period of time are given clear warning that to avoid possible criminal behavior they must refrain from driving.

*Id.* at 598, 680 P.2d at 129. Because due process does not require perfect notice, absolute precision, or impossible standards, a statute that gives fair notice of the conduct to be avoided is not void for vagueness "simply because it may be difficult for the public to determine how far they can go before they are in actual violation." *Id.* Assuming that one has a right to drive and a right to drink, the court concluded that the statute

4. The breath or blood alcohol test result is not, of course, the only criterion that must be satisfied to justify license suspension. The arresting officer must have reasonable grounds for believing the driver violated the criminal drunk driving statute, must arrest the driver for violating section 28–692, and must utilize a valid and reliable testing method, the results of which are accurately evaluated. *See* A.R.S. § 28–694.E.

5. Knapp asserts that, by determining when the suspect had his last alcoholic drink, a police officer could delay administering a BAC test until the officer concludes that the suspect's blood has absorbed the maximum amount of alcohol. Knapp hypothesizes that a suspect who had a BAC of less than 0.10 at the time he was driving therefore could lose his driving

privileges although he has not committed a criminal offense. We will not declare a statute unconstitutional based on hypothetical situations that are not before us. *Babbitt v. Asta,* 25 Ariz.App. 547, 549, 545 P.2d 58, 60 (1976). We also note that, although a driver who registers less than 0.10 BAC may not have violated section 28–692.B, that same driver may be subject to criminal liability under section 28–692.A.

6. The court noted that
> [r]eaching the chemical level of .10% requires consumption of a number of drinks (as much as a pint of whiskey, one to two six packs of beer, or a quart of wine) in a period of two or three hours.

*Fuenning v. Superior Court,* 139 Ariz. 590, 598 n. 7, 680 P.2d 121, 129 n. 7.

does not prohibit driving. It does not prohibit drinking. It prohibits drinking and driving. We know of no constitutional right to drink *and* drive; we recognize no right to ingest a substantial amount of alcohol and then drive. If, therefore, this statute inhibits and "chills" the mixture of alcohol and gasoline, it will fulfill the precise objective sought by the legislature. We think such a goal is salutary, and that it is permitted by the constitution.

*Id.* at 597, 680 P.2d at 128.

The reasoning of *Fuenning* is equally persuasive here. Section 28–694 clearly gives notice that a driver faces suspension of driving privileges if he drinks enough alcohol before or while driving to later register a 0.10 BAC. Simply because the driver cannot predict whether his BAC will be 0.10 precisely at the time of the test does not void the statute for vagueness. A person who drinks and then chooses to drive bears the risk of losing his driver's license. If that risk reduces the likelihood that one will drink and drive or removes from the road those who choose to drink and drive despite the risk of license suspension, the legislature's worthy purpose is fulfilled.

■ Knapp next asserts that the statute is vague because it does not provide for return of the driver's license if the suspect is acquitted of criminal charges or if the criminal charges are dismissed. License suspension under section 28–694, however, is a civil proceeding. Whether the driver's conduct violated a criminal statute is relevant only to the extent that the police officer must have reasonable grounds to believe that the person was driving while intoxicated and must place the suspect under arrest for a violation of section 28–692. *See* A.R.S. § 28–694.E. Conviction under the criminal statute is not a predicate to license suspension. *See Nance*, 165 Ariz. at 288, 798 P.2d at 1297; *Campbell v. Superior Court*, 106 Ariz. 542, 550, 479 P.2d 685, 693 (1971).

■ Finally, Knapp argues that the statutory language defining the scope of the suspension hearing, *see* section 28–694.E, is vague, because the terms "valid and reliable" and "accurately evaluated" are wholly lacking in definition. We disagree. Assuming that the challenged terms are vague, we find that the director of the Department of Health Services remedied any uncertainty when he defined those terms by prescribing methods and procedures and issuing permits for administering and evaluating breath tests. *See* A.R.S. § 28–692.03.C and D; A.A.C. R9–14–401 through 412 (1987).

We find no violation of the principles of substantive due process of law.

### B. *Procedural Due Process*

■ The continued possession of a validly issued driver's license is a constitutionally protected interest for which due process may require a hearing prior to suspension. *See Mackey v. Montrym*, 443 U.S. 1, 19, 99 S.Ct. 2612, 2621, 61 L.Ed.2d 321, 335 (1979) (hearing not required prior to suspension for refusal to submit to breath test); *Dixon v. Love*, 431 U.S. 105, 115, 97 S.Ct. 1723, 1729, 52 L.Ed.2d 172, 181 (1977) (hearing not required prior to suspension for repeated traffic offenses); *Bell v. Burson*, 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90, 96 (1971) (hearing required prior to suspension for failure to post security for damages caused by an accident). Knapp does not dispute that the hearing he received prior to the suspension of his driving privileges complied with due process requirements.[7] He contends, however, that because he used his driver's license for identification and check cashing purposes, prehearing surrender of his permanent license deprived him of procedural due process.

This argument has no merit. A driver's license evidences a person's right to drive. Knapp's other uses of his driver's license are merely incidental and give rise to no

---

7. Pursuant to A.R.S. § 28–694.D, "[a] timely request for a hearing operates to stay the suspension until a hearing is held."

constitutionally-protected property interest.[8]

Knapp also argues that the language in his order of suspension was ambiguous. We are not certain precisely which constitutional provision Knapp believes is implicated by the language of the order. In any event, we do not find the language ambiguous. Knapp's order of suspension stated that the order would be final in 15 days unless he requested a hearing:

### TEMPORARY DRIVER PERMIT

This entire form will serve as a temporary driver permit; NOT VALID IF DETACHED. If no other prohibitive action(s) appear on your driver record, this temporary driver permit will be valid for fifteen (15) days from Date Served or if a hearing is requested, it will be valid until the hearing results are determined.[9]

The language could scarcely be clearer. We find no violation of procedural due process.

### C. *Equal Protection*

In determining whether a statute violates the equal protection clause of the fourteenth amendment to the United States Constitution, we apply different levels of scrutiny to different types of classifications.

At a minimum, a statutory classification must be rationally related to a legitimate state purpose. [Citations omitted.] Classifications based on race or national origin, [citation omitted] and classifications affecting fundamental rights, [citation omitted] are given the most exacting scrutiny. Between those extremes of rational basis review and strict scrutiny lies a level of intermediate scrutiny which generally has been applied to discriminatory classifications based on sex or illegitimacy. [Citations omitted.]

*Clark v. Jeter,* 486 U.S. 456, 461, 108 S.Ct. 1910, 1914, 100 L.Ed.2d 465, 471 (1988).

■ Knapp argues that the suspension of his license violates the equal protection clause by depriving him of his constitutional right to travel. *See Shapiro v. Thompson,* 394 U.S. 618, 629–31, 89 S.Ct. 1322, 1328–29, 22 L.Ed.2d 600, 612–13 (1969). Because the right to travel is a fundamental right, Knapp asserts, we should apply strict judicial scrutiny when reviewing the statute. *See Mass. Bd. of Retirement v. Murgia,* 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520, 524 (1976).

■ In contrast to the right to travel, however, the right to drive is not a fundamental constitutional right. *See Fuenning,* 139 Ariz. at 597, 680 P.2d at 128 (1984). Suspension of Knapp's license did not prevent him from traveling whenever and wherever he wanted, but only limited his mode of transportation. *See McGue v. Sillas,* 82 Cal.App.3d 799, 805, 147 Cal. Rptr. 354, 357 (1978); *Ruge v. Kovach,* 467 N.E.2d 673, 677 (Ind.1984). We find no reason to apply heightened scrutiny; the statute therefore need only be rationally related to a legitimate state purpose. *See Minnesota State Bd. for Community Colleges v. Knight,* 465 U.S. 271, 291, 104 S.Ct. 1058, 1069, 79 L.Ed.2d 299, 316 (1984). Section 28–694 is reasonably related to the legitimate state purpose of removing people who drink and drive from the roads. Because the statute rests upon a rational basis, we find that section 28–694 does not violate the equal protection clause.

### IV.

Knapp also asserts that the legislative act of which section 28–694 is part violates two provisions of the Arizona Constitution: (1) the one-subject rule, Ariz. Const. art. 4, pt. 2 § 13; and (2) the amendment by reference provision, Ariz. Const. art. 4, pt. 2 § 14. We find no merit in either contention.

■ Knapp asserts that the title of the act that includes section 28–694 addressed more than the subject of license suspension

---

8. We note that Knapp could retain those incidental benefits by obtaining a state-issued identification card pursuant to A.R.S. § 28–421.01.

9. The "Date Served" is specified on the first line of the form.

**534**

and therefore violated the one-subject rule. We liberally construe the one-subject provision of our constitution, which requires every act to embrace only one subject and voids only those subjects that are not expressed in the title of the act. Ariz. Const. art. 4, pt. 2 § 13; [10] *Sample v. Sample,* 135 Ariz. 599, 603, 663 P.2d 591, 595 (App.1983) ("Liberal construction is to be accorded legislation when challenged under the constitutional provision setting forth the one-subject rule"). The title to the act containing section 28–694 generally embraced the one subject of transportation and expressly referred to the suspension of the driver's license of a person whose breath test results indicated a BAC of 0.10 or more.[11] We find no violation of that provision.

 Knapp next asserts that the enactment of section 28–694, which gave police officers the power to suspend licenses, impermissibly legislated by reference to other statutes governing license suspension. *See* Ariz. Const. art. 4, pt. 2 § 14; A.R.S. §§ 28–441 through –454. We disagree. The legislation by reference provision of our constitution prohibits amending an act by mere reference to the title of the act.[12] Section 28–694 did not amend those general statutes related to license suspension. *See* A.R.S. §§ 28–441 through –454.

10. Ariz. Const. art. 4, pt. 2 § 13, provides:
Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title.

11. The title of the act is:
*RELATING TO TRANSPORTATION; PROVIDING FOR ADMINISTRATIVE SUSPENSIONS OF A DRIVER'S LICENSE OR PERMIT OF A PERSON WHO REFUSES TO TAKE A BLOOD, BREATH OR URINE TEST OR WHOSE TEST RESULTS INDICATE AN ALCOHOL CONCENTRATION OF 0.10 PER CENT OR MORE;* PROVIDING FOR SEIZURE OF LICENSE OR PERMIT BY A PEACE OFFICER AND ISSUANCE OF A TEMPORARY DRIVING PERMIT; PROVIDING THAT CHARGES SHALL BE DROPPED FOR FAILURE TO FILE REPORT OF REFUSAL AND NOTICE OF SUSPENSION OR ORDER OF SUSPENSION AND REPORT OF RESULTS OF CHEMICAL TEST WITHIN FIVE DAYS AFTER THEIR IS-

Section 28–694 *added* license suspension upon arrest for drunk driving.

**V.**

 Knapp's final assertion is that the trial court's ruling upholding the order of suspension was arbitrary, capricious and without a rational basis. The superior court can set aside an administrative decision only if it is unsupported by competent evidence. *City of Tucson v. Mills,* 114 Ariz. 107, 111, 559 P.2d 663, 667 (App. 1976).

Knapp's first argument seems to be that the trial court should have reversed the administrative decision because the hearing officer concluded that the extrapolation evidence offered by Knapp was not relevant. Because we conclude that Knapp's BAC at the time of the test, rather than at the time he drove, is the determinative factor under section 28–694, we find no arbitrary or capricious action by the trial court related to this issue.

Knapp's second argument is that the trial court should have required the hearing officer to consider his expert's testimony about inherent and possible errors in breath testing devices. We agree with the hearing officer's conclusion that the expert witness did not show that his general state-

SUANCE; PROVIDING FOR LENGTH OF SUSPENSIONS; PROVIDING FOR CANCELLATION OF SUSPENSION IF PERSON IS FOUND NOT GUILTY OF CERTAIN VIOLATION; PROVIDING THAT REVIEW OF FINAL ORDER OF SUSPENSION OR DENIAL SHALL BE HEARD ON EXPEDITED BASIS; PRESCRIBING FEE FOR RETURN OF LICENSE OR PERMIT; PROVIDING FOR NOTICE OF AND AN ADMINISTRATIVE HEARING; PRESCRIBING THAT PRINTED FORMS BE MAILED WITH CERTAIN ORDERS; AMENDING SECTIONS 28–205, 28–691 AND 28–692.01, ARIZONA REVISED STATUTES, AND AMENDING TITLE 28, CHAPTER 6, ARTICLE 5, ARIZONA REVISED STATUTES, BY ADDING SECTION 28–694.
Laws 1987, ch. 262 (emphasis added).

12. Ariz. Const. art. 4, pt. 2 § 14 provides:
No Act or section thereof shall be revised or amended by mere reference to the title of such Act, but the Act or section as amended shall be set forth and published at full length.

ments applied to the facts of this case or that Knapp's test results were inaccurate. We find no arbitrary or capricious action related to this issue.

## VI.

For the foregoing reasons, we affirm the judgment.

GERBER, P.J., and BROOKS, J., concur.