803 P.2d 443

**STATE of Arizona, Appellee,**

v.

**Cameron Scott SMITH, Appellant.**

**No. 1 CA–CR 89–433.**

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 4, 1990.

Review Denied Feb. 5, 1991.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel Crim. Div. and Randall M. Howe, Asst. Atty. Gen., Phoenix, for appellee.

DeConcini McDonald Brammer Yetwin & Lacy by Wayne E. Yehling, Tucson, for appellant.

1. A.R.S. § 13–3405(C) provides:
   A person who is sentenced pursuant to the provisions of subsection B, paragraph 5, 7 or 9 involving an amount of marijuana having a weight at the time of seizure of eight pounds or more is not eligible for suspension or commutation of sentence, probation, parole, work furlough or release from confinement on any other basis until the person has served not less than two-thirds of the sentence imposed by the court.

2. Although the defendant was convicted of two felonies, he was not sentenced to the mandatory

## OPINION

EHRLICH, Judge.

Cameron Scott Smith, the defendant, was indicted for possession of marijuana for sale, a class 3 felony, possession of marijuana, a class 4 felony, and production of marijuana, a class 3 felony. He was tried before a jury and found guilty as charged. The jury also found that the marijuana weighed eight pounds or more at the time of its seizure.[1]

The defendant was sentenced to the presumptive terms of five years each for the production of marijuana and its possession for sale, the sentences to run concurrently, with credit given for 55 days of presentence incarceration. The court dismissed the remaining count, finding, upon the state's motion, that it was a lesser-included offense of possession of marijuana for sale. The court also imposed a fine of $35,000.[2] The defendant filed a timely notice of appeal.

## FACTS

The facts, viewed in the light most favorable to sustaining the conviction, *State v. Zmich*, 160 Ariz. 108, 109, 770 P.2d 776, 777 (1989), are as follows. On August 19, 1988, acting on an anonymous tip, officers of the Arizona Department of Public Safety (DPS) conducted an aerial surveillance of the defendant's property. The officers observed marijuana plants growing in the defendant's back yard and obtained a search warrant. In the back yard, they observed 76 marijuana plants, two to seven feet high. They pulled up the plants, stripped the leaves and flowering buds from the stalks, and left the stalks.[3] One

felony penalty assessment pursuant to A.R.S. § 13–812. However, because the state did not raise this issue either by appeal or cross-appeal, we have no subject-matter jurisdiction to consider it. *State v. Dawson*, 60 Ariz.Adv.Rep. 14, 19–20 (App., May 10, 1990).

3. The definition of marijuana under A.R.S. § 13–3401(16) excludes the mature stalks of the plant.

officer testified that the back yard was very wet at the time of the search.

The officers then searched the inside of the defendant's trailer and found three glass jars and two baggies each containing marijuana, a burnt marijuana cigarette, cigarette papers, a pipe, two scales, and a string used to hang and dry marijuana in the closet. These items were seized and taken to the DPS laboratory for analysis.

At trial, a DPS criminologist testified that the substance seized was in fact marijuana. He further testified that the marijuana was very dry when analyzed, and that the weight of dry marijuana is generally one-third that of wet marijuana. The dry weight of the marijuana introduced at trial was approximately 6.93 pounds.

The defendant moved for a judgment of acquittal on the issue of whether there was sufficient evidence for the trier of fact to find that the amount of marijuana was eight pounds or more at the time of its seizure. The trial court denied the motion.

The defendant now has raised the following issues:

1. Whether the trial court erred in denying his motion for a judgment of acquittal;

2. Whether the statutory classification of offenses and penalties based on "weight at the time of seizure" found in A.R.S. § 13–3405(B) and (C) is constitutional.

## MOTION FOR JUDGMENT OF ACQUITTAL

Rule 20, Arizona Rules of Criminal Procedure, provides that "the court shall enter a judgment of acquittal ... if there is no substantial evidence to warrant a conviction." *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). Substantial evidence means evidence that a reasonable person could accept as sufficient to support a conclusion that the defendant is guilty beyond a reasonable doubt. *Guerra, id.; State v. Edwards*, 136 Ariz. 177, 186, 665 P.2d 59, 68 (1983). If reasonable minds could differ as to whether the defendant is guilty beyond a reasonable doubt,

the trial court must deny the motion for a judgment of acquittal. *Guerra, id.; State v. Clifton*, 134 Ariz. 345, 348, 656 P.2d 634, 637 (App.1982).

We find that there was sufficient evidence to submit to the jury the issue of whether there were more than eight pounds of marijuana at the time of seizure. First, the state presented uncontroverted evidence that the weight of the dry marijuana admitted at trial was approximately 6.93 pounds. Second, the criminologist testified that generally a live marijuana plant weighs three times more than the same plant dry because of the water in the live plant. Third, other evidence suggested that there were more than eight pounds of marijuana in the defendant's back yard and trailer at the time of the seizure.

The defendant argues that the testimony of the criminologist established only a weight comparison between live plants in the ground and dry marijuana exclusive of stalks. He contends that the criminologist's testimony failed to establish a legitimate ratio between the weight of dry marijuana and that of fresh marijuana without stalks. However, upon redirect examination, the criminologist testified that, in general, the ratio applies between an entire live plant and the same plant when dry. A jury could reasonably infer that the same ratio consistently applies when comparing the various parts of the marijuana plant, wet and dry. Certainly the defendant neither controverted this testimony nor cross-examined the expert as to any variables that might alter the ratio among the different parts of the plant.

Additionally, not only was there testimony that there were 76 marijuana plants growing in the defendant's back yard, there also were photographs of the large quantity of green marijuana seized at the defendant's trailer. Based on the evidence presented, the jury reasonably could find that the defendant possessed eight or more pounds of marijuana at the time of seizure. The trial court correctly denied the motion for judgment of acquittal.

## CONSTITUTIONALITY OF CLASSIFICATION BY WEIGHT AT TIME OF SEIZURE

Marijuana is defined in A.R.S. § 13–3401(16):

[A]ll parts of any plant of the genus cannabis, from which the resin has not been extracted, whether growing or not, and the seeds of such plant. Marijuana does not include the mature stalks of such plant or the sterlized seed of such plant which is incapable of germination.

■ Subsections B and C of A.R.S. § 13–3405 prescribe different classifications of offenses, and thus varying penalties, depending upon the weight of the marijuana at the time of seizure, as well as enhanced punishment if a person possesses for sale, production or transportation marijuana with a weight at the time of seizure of eight pounds or more. The defendant contends that this classification by weight at the time of the seizure of the marijuana is unconstitutional as applied. He alleges that the statute violates his right to equal protection under the United States Constitution, amendment XIV, and the Arizona Constitution, art. II, § 13, because persons are treated differently depending upon the moisture content of the marijuana.

The Fourteenth Amendment does not forbid a state from treating different classes of persons in different ways if the classification is a reasonable one. *Eisenstadt v. Baird*, 405 U.S. 438, 446–47, 92 S.Ct. 1029, 1035, 31 L.Ed.2d 349 (1972); *State v. Kelly*, 111 Ariz. 181, 184, 526 P.2d 720, 723 (1974), *cert denied*, 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411 (1975). Unless a suspect classification or a fundamental right is involved, a legislative classification will not be set aside if any set of facts rationally justifying the classification is demonstrated to or perceived by the court. *Id.; State v. Walton*, 133 Ariz. 282, 288, 650 P.2d 1264, 1270 (App.1982).

The constitutional requirement of equal protection under the "rational basis" test is only violated if the classification rests on grounds wholly irrelevant to the achievement of the state's objectives. Moreover, in applying the test, the court accepts the legislative determination of relevancy so long as it is reasonable, even though it may be disputed, debatable or opposed by strong contrary argument.

Under the rational basis test, a statute will be upheld if there is any state of facts that can be reasonably conceived to sustain the classification. A statute having some rational basis is not unconstitutional merely because it is not made with "mathematical nicety, or because in practice it results in some inequality." As long as the statute is not arbitrary or irrational, and is reasonably related to a legitimate state purpose, it must be upheld.

*Bryant v. Continental Conveyor Equipment Co.*, 156 Ariz. 193, 196–97, 751 P.2d 509, 512–13 (1988) (citations omitted).

Two other courts have addressed arguments similar to the one made by the defendant. In *State v. Infante*, 199 Neb. 601, 260 N.W.2d 323 (1977), the Nebraska Supreme Court rejected the defendant's contention that the state statute, which imposed penalties for marijuana possession according to its weight at the time of seizure, whether the marijuana was cured or uncured, was unconstitutional because individuals possessing wet marijuana were treated more severely than individuals possessing dry marijuana.

The statute in question does not establish a classification of persons who are treated differently, but merely establishes a point in time at which to determine the weight of marijuana in all cases. An obvious rational purpose of establishing the time as the time of seizure is to enable the State to determine what charge should be filed against someone found in possession of marijuana. Defendant has cited no cases or authorities which suggest that such a statute is unconstitutional, and we have found none. The statute is not arbitrary, and bears some rational relationship to a legitimate state end. Therefore it is not unconstitutional.

*Id.* at 605, 260 N.W.2d at 326.

In *State v. Olive*, 85 N.M. 664, 515 P.2d 668 (App.1973), the court was asked to

interpret the New Mexico statute which made it a crime for a person to possess eight ounces or more of marijuana. The defendant argued that the weight of the seized marijuana should be computed only on the basis of its weight after drying. The court disagreed. It considered that the definition of marijuana included all parts of the plant, whether growing or not, and concluded that the New Mexico statute referred to the weight of the plant or the plant's derivative products "weighed *in the form seized* whether that form be the green plant, the dried plant or the various products which may be derived from the plant." *Id.* at 666, 515 P.2d at 670 (emphasis in original). Accordingly, the court rejected the defendant's arguments that the "green-dry" distinction violated his right to the equal protection of the law.

We consider also two analogous federal decisions. In *United States v. Bishop*, 894 F.2d 981, 987 (8th Cir.1990), the court held that the quantity of LSD seized by law enforcement officers constitutionally could include the weight of the blotter paper impregnated with the drug. Similarly, in *United States v. Savinovich*, 845 F.2d 834, 839 (9th Cir.1988), the court held that penalties based upon the quantity of cocaine seized rather than upon its purity did not violate the equal protection clause of the United States Constitution.

Here, the issue of prescribing a more severe punishment for those offenses involving more than eight pounds of marijuana involves neither a suspect classification nor a fundamental right. Therefore, we apply the rational basis test to determine whether A.R.S. § 13–3405 violates the equal protection provisions of the United States and Arizona Constitutions.

The intent of the legislature in drafting A.R.S. § 13–3405 must be examined in considering whether there is any legitimate reason to sustain the statute's classifications.

To determine legislative intent, we examine the policy behind the statute and the evil sought to be remedied. We also consider the context of the statute, the language used, the subject matter, the historical background, and the effects and consequences of the statute.

*State v. Nance*, 165 Ariz. 286, 798 P.2d 1295 (1990) (citations omitted).

A more severe punishment for those offenses involving more than eight pounds of marijuana is clearly aimed at deterring the large-scale production and distribution of an illegal drug. We agree with the conclusion of the Nebraska Supreme Court in *Infante*. This type of statute is not one classifying persons based upon the weight of the marijuana seized but rather, and of necessity, one establishing the point in time at which the weight of the illegal substance is determined for the purpose of criminal classification. The Arizona legislature has chosen the time of seizure as the logical time to calculate the nature and extent of the illegal conduct.

The state also of necessity must choose a quantity for the purpose of criminal classification. Our legislature has chosen the weight of eight pounds; this is a rational division, one appropriate to define a large-scale transaction warranting a greater penalty. In determining that weight, the legislature has included more than only the leaves of the marijuana plant. Like the New Mexico court in *Olive*, we will rely upon the statutory definition of marijuana as opposed to the wet/dry distinction urged by the defendant. The legislature carefully has defined marijuana in terms of whether the plant is of use either for the purpose of ingestion or production. Such is the apparent purpose for excluding the stalks of the mature plants, for example. This is an entirely rational determination. Furthermore, as the decisions in *Bishop* and *Savinovich* demonstrate, it is not violative of the equal protection guarantee to include more than what is strictly the drug or narcotic in calculating its weight.

Although a degree of inequity can arise from the scheme chosen by the Arizona legislature to determine what constitutes large-scale production, possession or distribution, we cannot envision any formula that is without some disadvantage. The state is not required to apply mathematical precision in fashioning statutory classifica-

tions. *Bryant,* 156 Ariz. at 197, 751 P.2d at 513.

The statute in question provides a reasonable formula by which to provide notice and determine what charges to file against a defendant. The eight-pound quantity, be it wet or dry marijuana, is enough to support the legislative assumption that the defendant is not possessing the marijuana for personal use. Thus this statute clearly and rationally serves a legitimate state objective of preventing the distribution of an illegal drug. We cannot find that these classifications are unconstitutional as applied in this case.

Pursuant to A.R.S. § 13–4035, this court has fully reviewed the record for fundamental error. We find none.

The judgment is affirmed.

CLABORNE, P.J., and KLEINSCHMIDT, J., concur.