This case therefore offers a compelling opportunity to consider whether a reviewing court, confronted with the erroneous exclusion of undeniably relevant mitigating evidence, must consider the claim regardless of procedural rules permitting the court to avoid the merits. It offers an opportunity to consider whether the shortcomings of an attorney, appointed to handle a case both at trial and on appeal, will be permitted to take their toll on the life of a defendant. I cannot imagine that the Constitution countenances such an inhumane result. Accordingly, I dissent.

### III

I continue to adhere to my view that the death penalty is in all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments. See *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting); *Furman* v. *Georgia*, 408 U. S. 238, 314 (1972) (MARSHALL, J., concurring). Even if I did not believe that the death penalty is in all cases unconstitutional, however, I would grant certiorari in this case for the reasons set out above.

No. 84–5425. FISHER *v.* ARIZONA. Sup. Ct. Ariz.;

No. 84–5491. MELSON *v.* TENNESSEE. Ct. Crim. App. Tenn.; and

No. 84–5530. GROSECLOSE *v.* TENNESSEE. Ct. Crim. App. Tenn. Certiorari denied. Reported below: No. 84–5425, 141 Ariz. 227, 686 P. 2d 750.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 83–1715. GAJEWSKI *v.* COMMISSIONER OF INTERNAL REVENUE, *ante*, p. 818;

No. 83–1755. BROTHERHOOD OF TEAMSTERS, LOCAL NO. 70 *v.* CALIFORNIA CONSOLIDATORS, INC., *ante*, p. 887;

No. 83–1832. ALEXANDER *v.* LOS ANGELES COUNTY ET AL., *ante*, p. 822; and

No. 83–1950. MCALLISTER ET AL. *v.* GULF FEDERAL SAVINGS & LOAN ASSN., *ante*, p. 827. Petitions for rehearing denied.