701 P.2d 1211

**STATE of Arizona, Appellee,**

v.

**Robert Henry HARTFORD, Appellant.**

**No. 1 CA–CR 7316.**

Court of Appeals of Arizona,
Division 1, Department A.

April 4, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

Appellant, Robert Hartford, was originally found guilty of assault with a deadly weapon and sentenced to a term of imprisonment of ten years to life. On appeal, Hartford's conviction was affirmed; however, the Arizona Supreme Court ordered that appellant be resentenced under Subsection A of former Arizona Revised Statute § 13–249. *State v. Hartford*, 130 Ariz. 422, 427, 636 P.2d 1204, 1209 (1981). On remand, Hartford was resentenced to a prison term of nine to ten years; the maximum term of imprisonment allowable under former A.R.S. § 13–249(A) was ten years. Appellant again appealed and the Arizona Supreme Court held that Hartford had been improperly resentenced because he was not allowed a presentence hearing prior to the imposition of sentence. *State v. Hartford*, 133 Ariz. 328, 651 P.2d 856 (1982). Therefore the matter was once again remanded for resentencing.

On October 28, 1982, the trial judge ordered a new presentence report and set a presentence hearing. After a number of continuances, the matter finally proceeded to sentencing on July 22, 1983. At that time, the trial judge sentenced the appellant to "time served". The record reveals that the trial judge apparently intended that the sentence to be imposed was from the time of conviction to the time of the first resentencing, January 14, 1982. In any event, it is clear from the record that the trial judge did intend the sentence to be "time served".

On appeal, Hartford has raised a number of issues:

(1) The trial court erred in refusing to allow the appellant to present evidence by way of mitigation;

(2) The trial court erred in the manner in which it allowed appellant to represent himself;

(3) The trial court erred in failing to grant appellant's motion to be sentenced by the original trial judge; and

(4) The judgment of guilt and conviction should have been set aside as a matter of fairness.

## MOOTNESS OF THE SENTENCING ISSUES

Hartford has raised a number of issues regarding the manner in which sentence was imposed following the second remand after appeal. The State, without citation to

authority, argues that a presentence hearing would now be purposeless as Hartford has already completed his sentence and the minimum sentence allowable was imposed. The State concludes that whether appellant should have had a presentence hearing is an issue which is now moot. We agree.

Several courts have held that where a defendant is challenging only the propriety or manner in which his sentence was imposed and not the conviction itself, the validity of the imposition of the sentence becomes a moot question once it has been fully served. *See State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975); *People v. Murrell*, 60 Ill.2d 287, 293–294, 326 N.E.2d 762, 766 (1975); *North Carolina v. Rice*, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *see also, Richardson v. State*, 402 N.E.2d 1012, 1013 (Ind.1980); *Commonwealth v. Kelly*, 274 Pa.Super. 242, 418 A.2d 387 (1980); *cf. State v. Peters*, 110 Ariz. 316, 317, 518 P.2d 566, 567 (1974).

After thoroughly reviewing the record in this case, it is clear that the trial judge intended Hartford's sentence to be "time served", and that the sentence was to have run to the time of the resentencing on remand following appellant's first appeal. Hartford was therefore completely discharged from the supervision of the Department of Corrections, and his entire prison sentence was complete at the time the court imposed sentence. The validity of the conviction was not subject to attack in the remand which was for resentencing.

We agree with the above cases which hold that when an entire sentence has been served prior to consideration of that *sole* issue on appeal, the validity of its imposition is a moot question. The sentence imposed is thus affirmed.

## VALIDITY OF THE CONVICTION

The last issue raised on appeal by Hartford concerns the validity of his conviction. Setting forth a number of grounds, he argues that this court should set aside the judgment of guilt and conviction. The State notes that appellant's guilt or innocence was not an issue properly before the trial court on a remand solely for resentencing. The State also notes that the conviction was affirmed in appellant's initial appeal, *State v. Hartford, supra.*

During the sentencing proceedings, the trial judge reminded appellant on several occasions that the remand for sentencing was not the proper occasion or forum to raise issues dealing solely with the validity of the underlying conviction. The validity of the underlying conviction, which was previously affirmed on appeal, was clearly beyond the scope of the matter remanded to the trial court.

We therefore affirm appellant's conviction and sentence.

FROEB, Acting P.J., and MEYERSON, J., concur.