815 P.2d 408

**The STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**The Honorable I. Sylvan BROWN, Judge, the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent.**

**Jay William RIGSBY, Real Party in Interest.**

**No. 1 CA–SA 91–120.**

Court of Appeals of Arizona, Division 1, Department B.

July 23, 1991.

Richard M. Romley, Maricopa County Atty. by Roberta Neil Miller, Deputy County Atty., Mesa, for petitioner.

Dean W. Trebesch, Maricopa County Public Defender by Roland J. Steinle, III, Deputy Public Defender, Mesa, for respondent.

OPINION

EUBANK, Judge.

The state petitioned for review of the superior court's ruling denying the state's

---

motion in limine. The petition for special action raised the issue whether *Desmond v. Superior Court*, 161 Ariz. 522, 779 P.2d 1261 (1989), requires the state to relate back a defendant's blood alcohol concentration (BAC) to the time of driving for the results of the blood test to be admissible in a prosecution for reckless manslaughter. By order, we accepted jurisdiction, granted relief and remanded to the superior court with an opinion to follow. This is that opinion.

The issue presented is one of first impression and statewide importance. *Duquette v. Superior Court*, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989). It presents a pure issue of law that may be decided without further factual inquiry. *Winner Enterprises v. Superior Court*, 159 Ariz. 106, 108, 765 P.2d 116, 118 (App. 1988). Additionally, the issue has been presented to the superior courts with conflicting results. Thus, in the exercise of our discretion, we accepted jurisdiction.

### FACTS AND PROCEDURAL BACKGROUND

Jay William Rigsby (defendant) was charged with one count of reckless manslaughter, a class 3 felony, in violation of A.R.S. § 13–1101 and –1103. The charge arose from an accident in which the defendant entered an intersection and drove his automobile into the path of an approaching motorcycle. The motorcyclist died from injuries sustained in the collision.

The defendant also received injuries that required medical attention. He was treated by paramedics at the scene and later transported to the emergency room of an area hospital. Approximately two hours after the accident, hospital personnel drew blood from the defendant for medical purposes. Based on the defendant's statements to police officers at the scene of the collision and to the attending emergency room physician that he had one drink that evening, the Phoenix Police Department obtained a portion of the blood sample. Subsequent analysis of the sample revealed that the defendant's BAC was .112 at the time the blood was drawn.

The state filed a motion in limine requesting the court to find that the blood test results were material and relevant and that *Desmond v. Superior Court*, 161 Ariz. 522, 779 P.2d 1261 (1989) did not require the state to relate back the defendant's BAC to the time of driving. After an evidentiary hearing, the superior court denied the state's motion. Relying on *Desmond*, the court permitted the state to use the blood test results to show only the presence of alcohol in the defendant's system at the time of the test, but not the numerical BAC or the number of drinks reflected by this number. *Id.* at 527–28, 779 P.2d at 1266–67. The superior court stayed the proceedings pending the state's filing of this special action petition.

### DISCUSSION

We begin by noting that evidence of intoxication is relevant in a prosecution for reckless manslaughter. Relevant evidence is evidence having a "tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Arizona Rules of Evidence; *see also State v. Fisher*, 141 Ariz. 227, 245, 686 P.2d 750, 768 (1984), *cert. denied*, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436.

In this case, the "fact that is of consequence" is the defendant's mental state. The crime charged requires the state to prove that it was committed recklessly. A.R.S. § 13–105(6)(c) defines recklessly as follows:

"Recklessly" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that circumstances exist. The risk must be of such a nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware of such risk solely by

reason of voluntary intoxication also acts recklessly with respect to such risk.

*See also State v. Walton,* 133 Ariz. 282, 290–91, 650 P.2d 1264, 1272–73 (App.1982). The state may prove the reckless mental state by either of two methods. The prosecutors could show that the defendant was aware of and consciously disregarded the risk, or, in the alternative, they could show that the defendant was unaware of the risk he created solely due to his voluntary intoxication. For either approach, the amount of alcohol in the defendant's system is relevant to the defendant's mental state; for the latter, it is a substantial piece of evidence in the state's case.

The defendant contends that even if the BAC reading taken two hours after arrest is relevant, *Desmond* requires the state to relate back the reading to the time of driving before it is admissible. We disagree. *Desmond* specifically states that "evidence of a driver's blood alcohol content taken within a reasonable period of time after arrest is admissible." 161 Ariz. at 528, 779 P.2d at 1267. Relation back evidence is only necessary for. the state to receive the statutory presumption of intoxication under A.R.S. § 28–692(E)(3) (Supp.1990) or to establish a prima facie case under former A.R.S. § 28–692(B).[1] *Desmond,* 161 Ariz. at 529, 779 P.2d at 1268.

The statutory presumption under A.R.S. § 28–692(E)(3) and statutory definition of the prima facie case under former A.R.S. § 28–692(B) make the need for relation back evidence germane only to criminal DUI prosecutions. Both statutes contain language referring to the time of driving or the time of the alleged offense. Prior to the DUI statute's amendment, proof of a defendant's BAC at the time of driving was an essential element of the offense. *Cacavas v. Bowen,* 168 Ariz. 114, 116, 811 P.2d 366, 368 (App.1991); A.R.S. § 28–692(B) (1989) (statute required reading of .10 or more "at the time of the alleged offense").

In a prosecution for reckless manslaughter, a defendant's BAC at the time of the incident is relevant evidence, but not an essential element as defined by the statute. Thus, relation back testimony is not required.

Additionally, relation back evidence has been consistently confined to DUI prosecutions under A.R.S. § 28–692. Civil license suspensions pursuant to A.R.S. § 28–694 do not require the state to produce evidence that relates back the BAC to the time of the offense. *State ex rel. Ross v. Nance,* 165 Ariz. 286, 798 P.2d 1295 (1990); *Knapp v. Miller,* 165 Ariz. 527, 799 P.2d 868 (App.1990); *Isbell v. Miller,* 165 Ariz. 199, 797 P.2d 738 (App.1990). Again, these cases relied on the absence of the language contained in A.R.S. § 28–692 that required the reading of .10 or more be at "the time of the alleged offense." The statutes defining "recklessly" and "manslaughter" do not contain this restriction.

We conclude that the state's failure to produce relation back evidence in a prosecution for reckless manslaughter does not affect the admissibility of a BAC reading obtained within a reasonable time after arrest. Absent relation back evidence, the defendant would have ample opportunity to discredit the prosecution's evidence of intoxication. Thus, the absence of relation back evidence in the state's case affects the weight the fact-finder might place on the BAC reading, but not its admissibility.[2]

The superior court's ruling is reversed.

McGREGOR, P.J., and SHELLEY, J., concur.

---

**1.** The legislature changed the definition of the crime that was formerly contained in A.R.S. § 28–692(B) to ".10 or more within two hours of driving or being in actual physical control of the vehicle." Laws 1990, Ch. 375, § 8; *see also* A.R.S. § 28–692(A)(2) (Supp.1990). A defendant may now establish that he did not have a BAC of .10 or more as an affirmative defense. A.R.S. § 28–692(B) (Supp.1990).

**2.** We note that this holding produces a result substantially similar to the legislature's recently amended DUI statutes, in which the burden of

producing relation back evidence now lies with the defendant.  A.R.S. § 28–692(B).