817 P.2d 62

The STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,

v.

The Honorable Marilyn A. RIDDEL, Judge, the Superior Court of the State of Arizona, In and For the County of Maricopa, Respondent,

William Charles STAHLBUSH, Real Party in Interest.

No. 1 CA–SA 91–168.

Court of Appeals of Arizona, Division 1, Department D.

Sept. 5, 1991.

Petition for Review Denied March 3, 1992.

Roderick G. McDougall, Phoenix City Atty. by Gregory L. Hanchett, Asst. City Prosecutor, Phoenix, for petitioner.

Gary L. Rohlwing & Associates by Robin York, Glendale, for respondent.

## OPINION

EUBANK, Judge.

The state petitioned for special action relief from the superior court's ruling reversing the conviction of William Charles Stahlbush (defendant) for violating A.R.S. § 28–692(A), driving while under the influence of intoxicating liquor.[1] The petition presents one issue: Does *Desmond v. Superior Court*, 161 Ariz. 522, 779 P.2d 1261 (1989), prevent the state from introducing expert testimony concerning the *amount* of alcohol, as reflected by the number of drinks, in a defendant's system? By order, we accepted jurisdiction and granted relief, reversing the superior court's ruling, reinstating the conviction, and remanding the case to the city court for sentencing, with our opinion to follow. This is that opinion.

Initially, we note that the state has no equally plain, speedy and adequate remedy by appeal; the city court's judgment having been appealed to the superior court, a petition for special action is the only avenue remaining for review of this issue. *See* A.R.S. § 22–375(B); Rule 1(a), Arizona Rules of Procedure for Special Actions. Additionally, the issue presented is one of first impression and statewide importance. *Duquette v. Superior Court*, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989). It

---

1. The defendant was arrested prior to the legislature's recent amendments to the DWI/DUI laws. *See* Laws 1990, Ch. 375. Unless otherwise indicated, all citations are to the laws in effect at the time of defendant's arrest. This opinion is applicable to the amended statutes as well.

presents a pure issue of law that may be decided without further factual inquiry. *Winner Enterprises v. Superior Court,* 159 Ariz. 106, 108, 765 P.2d 116, 118 (App. 1988). Finally, the issue has been presented to the superior courts with conflicting results. Thus, in the exercise of our discretion, we accepted jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was originally charged with driving a motor vehicle while under the influence of intoxicating liquor, A.R.S. § 28–692(A);[2] driving a motor vehicle with a blood alcohol concentration (BAC) of .10 or more, A.R.S. § 28–692(B);[3] and three other civil traffic violations. The charges arose from defendant's arrest after officers observed him speeding and weaving on the road. The officers administered a breath test that indicated his BAC was .18 shortly after he was stopped.

Prior to trial, defendant moved to suppress roadside statements made to the arresting officers. The city court granted defendant's motion. With defendant's statements excluded, the state lacked the evidence necessary to relate back his BAC to the time of driving. Relying on *Desmond,* defendant then moved to suppress his BAC reading. The city court granted defendant's motion, and the state dismissed the A.R.S. § 28–692(B) charge.

The state then requested that the city court find that *Desmond* did not preclude expert testimony regarding the number of drinks in defendant's system at the time his BAC reading was obtained, despite the lack of relation back evidence. Over defendant's objection, the city court permitted the state to use the expert's testimony, but indicated that it would give the jury an instruction limiting the use of such evidence.

At trial, the state's expert witness testified that at the time of the test defendant had eight to ten drinks in his system. Pursuant to *Desmond,* the court gave a limiting instruction stating that "such evidence, without more, may not be used for the purpose of showing [appellant] was under the influence of alcohol or the amount as a percentage of blood alcohol at any specific time." *See Desmond,* 161 Ariz. at 528, 779 P.2d at 1267. At no point was the numerical result of defendant's breath test revealed to the jury. Additionally, the state did not request an instruction based on the statutory presumption for "under the influence" contained in A.R.S. § 28–692(E)(3).[4] After jury deliberations, defendant was convicted of driving while under the influence.

Defendant appealed his conviction to the superior court, contending that *Desmond* precluded the state from introducing testimony indicating the number of drinks reflected by the BAC reading. On appeal, the superior court agreed and found error in the city court's admission of such testimony. Based on *Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989), the superior court briefly stated, "[t]he *fact* of alcohol, under the cases cited, may be admitted but not the amount." The case was remanded for a new trial, and the state filed this petition for special action relief.

## DISCUSSION

As a threshold matter, the state maintains that the disputed evidence is proper expert testimony that is relevant and more probative than prejudicial. We agree.

---

2. A.R.S. § 28–692(A) states:
   It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

3. A.R.S. § 28–692(B) states:
   It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within this state while there is .10 or more alcohol concentration in the person's blood or breath at the time of the alleged offense.

4. A.R.S. § 28–692(E)(3) states:
   If there was [at the time of alleged offense] 0.10 or more alcohol concentration in the defendant's blood or breath, it may be presumed that the defendant was under the influence of intoxicating liquor.

Rule 702, Arizona Rules of Evidence, permits a witness qualified as an expert to impart scientific, technical, or other specialized knowledge that will assist the fact finder's understanding of the evidence. Here, testimony as to the amount of alcohol present in defendant's system, whether expressed as BAC or the number of drinks, provides the trier of fact with relevant information concerning intoxication.

Relevant evidence is evidence having a "tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Arizona Rules of Evidence; *see also State v. Fisher*, 141 Ariz. 227, 245, 686 P.2d 750, 768 (1984), *cert. denied*, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436. Clearly, the number of drinks is relevant to whether the defendant was impaired by alcohol while he was driving a vehicle.

The state argues that *Desmond* precludes only the admission of the BAC result expressed as a percentage when relation back evidence is unavailable. Defendant contends that, absent relation back evidence, *Desmond* precludes any evidence that attempts to quantify the amount of alcohol reflected by a blood or breath test. Based on our interpretation of *Desmond* and the applicable statutes, the state is correct.

Relation back evidence is only necessary for the state to receive the statutory presumption of intoxication under A.R.S. § 28–692(E)(3) or to establish a prima facie case under former A.R.S. § 28–692(B). *Desmond*, 161 Ariz. at 529, 779 P.2d at 1268; *see also State ex rel. Romley v. Brown*, 168 Ariz. 481, 815 P.2d 408 (App. 1991). Both statutes rely exclusively on the defendant's BAC at the time of the alleged offense, which is commonly stated as a percentage. *Desmond* explicitly excludes the *percentage* of alcohol in the defendant's system, but not the amount. The supreme court stated:

The proper procedure to be followed when a party offers the BAC result into evidence without any relation back testimony is for the court to admit the portion of the test result that indicates the presence of alcohol in the blood—*but not the percentage*—with an instruction pursuant to Rule 105, Arizona Rules of Evidence, that the evidence is admitted for the limited purpose of showing that, at the time of the test, defendant had alcohol in his blood and that such evidence without more may not be used for the purpose of showing defendant was under the influence or the *amount as a percentage* of blood alcohol at any specific time.

161 Ariz. at 527–28, 779 P.2d at 1266–67 (emphasis added).

*Desmond* is only concerned with DWI prosecutions in which a defendant's BAC may be used as evidence. *Desmond* merely requires the prosecution to establish a specific element contained in the statutes—the BAC at the time of the alleged offense—to receive the presumption or prove the prima facie case. If the state chooses to forego an A.R.S. § 28–692(B) charge and refrains from requesting the instruction based on the statutory presumption, relation back evidence is unnecessary. Thus, evidence that the defendant had present in his system a specified amount of alcohol, expressed as a number of drinks, is admissible. Here, the BAC reading was suppressed, the prosecution did not request an instruction based on the statutory presumption, and the A.R.S. § 28–692(B) charge was dismissed. Under such circumstances, *Desmond* does not affect the admissibility of expert testimony regarding the number of drinks in defendant's system. However, as *Desmond* notes, the presence of alcohol without more evidence, such as officer observations or field sobriety tests, is insufficient to prove a defendant was driving under the influence.

We conclude that the state's failure to produce relation back evidence does not affect the admissibility of expert testimony regarding the number of drinks in a defendant's system as reflected by a BAC reading obtained within a reasonable time after arrest. Absent relation back evidence, the defendant would have ample opportunity to discredit the expert and his testimony on

cross-examination. Thus, the absence of relation back evidence in the state's case affects the weight the fact finder might place on the expert's testimony, but not its admissibility.

The superior court's ruling is reversed, defendant's conviction is reinstated, and this matter is remanded to the city court for sentencing.

SHELLEY, J., concurs.

CLABORNE, Judge, specially concurring.

I agree with the result in this case. I write solely because the issue in this case is plainly not related to the issues raised in *Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989). The defendant here was prosecuted under A.R.S. § 28–692(A), which provides that a person who drives or is in actual physical control of a vehicle within this state when that person is under the influence of intoxicating liquor is guilty of a crime. The two cases in *Desmond* dealt with the admissibility of evidence under § 28–692(B). All that is at issue here is whether an expert may testify that in his opinion the defendant during or before his act of driving had ingested a certain number of alcoholic drinks. If such evidence tends to make the question of whether the defendant was driving while under the influence of alcohol more probable than not, it is relevant. *See* Rule 401, Arizona Rules of Evidence. Such evidence, in a prosecution of this type, does not violate Rule 403. If this is the case and the person qualifies as one who can give such an opinion, then the issue is not one which was dealt with in *Desmond,* but is simply a question of how credible a juror feels that expert testimony is and how the juror wishes to use that opinion. *See* Rules 702, 703 and 705, Arizona Rules of Evidence. Whether to believe an expert who might opine concerning the number of drinks a defendant charged with a violation of § 28–692(A) might have had at the time of his driving goes to credibility, not admissibility. *See State v. Pearson,* 98 Ariz. 133, 135, 402 P.2d 557, 559 (1965).