875 P.2d 203

**STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Stephen A. Gerst, a judge thereof, Respondent Judge,**

**Roy GURULE, Real Party in Interest.**

**Roy GURULE, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Stephen A. Gerst, a judge thereof, Respondent Judge,**

**STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Real Party in Interest.**

Nos. 1 CA–SA 94–0001, 1 CA–SA 94–0043.

Court of Appeals of Arizona, Division 1, Department D.

March 8, 1994.

Review Denied June 21, 1994.

Roderick G. McDougall, Phoenix City Atty. by Christina E. Koehn, Asst. City Prosecutor, Phoenix, for petitioner.

Jose S. Padilla, Phoenix, for real party in interest.

## OPINION

CLABORNE, Presiding Judge.

The State petitions for special action relief from the superior court's ruling reversing the conviction of Roy Gurule ("Defendant") for violating Ariz.Rev.Stat.Ann. ("A.R.S.") section 28–692(A)(2) (Supp.1993), driving under the influence with a blood alcohol concentration of 0.10% or more. This is a consolidated petition in which two issues are raised for our review. The first issue is whether the margin of error evidence regarding the breath testing device brought Defendant's blood alcohol content ("BAC") below a 0.10%, entitling Defendant to a judgment of acquittal as a matter of law. The second issue is whether the trial court abused its discretion in finding that the error committed in city court was harmless.

We find that the first issue raises a question of fact which should have been submitted to the jury. We therefore reverse the superior court's ruling, reinstate the conviction, and remand the case to the city court for sentencing. Because of our resolution of the first issue, the second issue is rendered moot. We previously accepted jurisdiction and granted relief with an Opinion to follow. This is that Opinion.

As a threshold matter, we address our special action jurisdiction. The State has no equally plain, speedy, and adequate remedy by appeal. *See* A.R.S. § 22–375(B) (1990); Arizona Rules of Procedure for Special Actions 1(a) (1988); *State ex rel. McDougall v. Riddel*, 169 Ariz. 117, 117, 817 P.2d 62, 62 (App.1991). Special action is the only avenue remaining for review since this action originally arose in city court and was appealed to the superior court. *Id.* Additionally, we believe this issue is one of statewide importance and exercise our special action jurisdiction to decide it. *See Duquette v. Superior Court*, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989).

### Facts and Procedural History

Defendant was arrested for driving under the influence ("DUI") pursuant to A.R.S. sections 28–692(A)(1) and (2). On the evening of the arrest, the officer noted that Defendant had an odor of alcohol on his breath, his eyes were bloodshot and watery, his speech was slurred, and he walked with a slight sway. The officer also indicated that Defendant's conduct during the field sobriety tests was poor and Defendant refused to complete them. As a result, the officer placed Defendant under arrest. Defendant was brought into the DUI van, where he submitted to two

breathalyzer tests with readings of 0.115% and 0.103% respectively.

The case proceeded to trial in city court. A criminalist testified that the results from a breathalyzer test are generally accepted to be within plus or minus 0.10% of a person's actual concentration. Evidence was also admitted showing that the calibration records of the breath testing device indicated that the testing unit was reading lower than the actual reading by about 0.002% to 0.005%. The jury returned verdicts of guilty on both charges.

Following the guilty verdicts, Defendant filed a motion for judgment of acquittal pursuant to Arizona Rules of Criminal Procedure 20(a) (1987). Defendant argued in his motion that proof did not exist for a jury to determine beyond a reasonable doubt that his BAC was 0.10% or greater given the margin of error of the breath testing device. The city court denied the motion and Defendant appealed to superior court. The superior court determined that the Rule 20 motion should have been granted, specifically holding that due to the margin of error, as a matter of law, "the evidence produced solely by the breath testing device was insufficient" to sustain a conviction under A.R.S. section 28–692(A)(2). The superior court also ruled that the jury was precluded from deciding whether Defendant was guilty of the charge. The State then brought this petition.

## Discussion

■ We believe that the effect of the inherent margin of error of a breath testing device is a question of fact for the fact finder. Our legislature has enacted a statute which makes it a crime to drive with a BAC of 0.10% or more. A.R.S. § 28–692(A)(2); *Fuenning v. Superior Court*, 139 Ariz. 590, 595, 680 P.2d 121, 126 (1983). A defendant may attack the accuracy of a breathalyzer test on any relevant ground, including inherent margin of error. *Id.* at 596, 680 P.2d at 127. However, "[c]onviction is possible only when the *jury finds beyond a reasonable doubt* that the defendant's blood-alcohol level at the time of driving ... was 0.10% or more,

not simply on the basis that the test results were 0.10% or greater." *Id.* (emphasis added). Thus, the fact that the breathalyzer device registered Defendant's BAC as 0.10% and higher did not conclusively establish that Defendant was driving with a BAC of 0.10%. Evidence was presented indicating an inherent margin of error with the testing device, and it was up to the jury to make the inference whether the test result combined with the other evidence showed intoxication at the time of the arrest. *See Fuenning* at 596, 680 P.2d at 127; *State v. White*, 155 Ariz. 452, 456, 747 P.2d 613, 617 (App.1987). Thus, the inherent margin of error of the testing device is only one piece of evidence presented to overcome the statutory presumption of impairment under A.R.S. section 28–692(A)(2). *See, e.g., Gibson v. Boyle*, 139 Ariz. 512, 520, 679 P.2d 535, 543 (App.1983) (in talking about a blood sample, the court noted "the jury could consider 'other evidence' presented ... to overcome the statutory presumption of impairment"). Whether the inherent margin of error brought Defendant's BAC below a 0.10% was clearly a question for the jury.

Defendant also argues that the evidence produced solely by the breath testing device was insufficient to support a conviction under A.R.S. section 28–692(A)(2). As we have stated above, the inherent margin of error raised only a factual question for the jury. Other evidence presented showed that Defendant weaved three times, had a moderate odor of alcohol on his breath, had bloodshot and watery eyes, had slightly slurred speech, walked with a slight sway, and clenched his fist at the officer when arrested. Additionally, the State presented evidence indicating that the breathalyzer was reading low, and that the inference could be made that Defendant's BAC was actually higher than the test was registering. On the basis of this evidence, a jury could find beyond a reasonable doubt that Defendant's BAC at the time of driving was 0.10% or more. Clearly, though, these are all questions for the jury and the superior court erred when it ruled that Defendant was entitled to judgment of acquittal as a matter of law.

As stated above, because of our resolution of this issue we do not find it necessary to address the second issue of whether the superior court abused its discretion in finding that the error committed by the city court was harmless.

For the reasons set forth above, we reverse the judgment of the superior court, reinstate the conviction, and remand to the city court for sentencing.

GERBER and McGREGOR, JJ., concur.