953 P.2d 933

**STATE of Arizona ex rel. Thomas J. BERNING, City Attorney for the City of Tucson, Petitioner,**

**v.**

**Honorable John E. DAVIS, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,**

**and**

**Allen DANIELS, Real Party in Interest.**

**No. 2 CA–SA 97–0118.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 19, 1997.

Redesignated as Opinion Jan. 21, 1998.

Thomas J. Berning, City Attorney by R. William Call and W. Wayne Roach, Tucson, for the State.

---

Office of the Tucson Public Defender by Reed Palmer, Tucson, for Real Party in Interest.

BRAMMER, Judge.

A city magistrate dismissed underlying criminal and civil traffic charges against real party in interest Allen Daniels on the ground that the state had violated his right to a speedy trial under Rule 8, Ariz.R.Crim.P., 17 A.R.S. The state appealed to superior court and the respondent judge affirmed. This special action followed. Because we find the state has no equally plain, speedy, or adequate remedy by appeal, *see* A.R.S. § 22–375(B); *State ex rel. McDougall v. Superior Court*, 178 Ariz. 544, 875 P.2d 203 (App.1994), and because the respondent judge abused his discretion in affirming the city magistrate's order, we accept jurisdiction and grant relief. Ariz.R.P.Spec.Action 1 and 3, 17B A.R.S.

Based on the scant record provided to us and the undisputed facts, we find the history of this case to be as follows. Daniels was arrested on January 13, 1996, for a traffic violation and possession of narcotic paraphernalia. He was arraigned that day in Tucson City Court and informed that his pretrial conference would be on February 23. It appears that he was released on these charges but remained in the custody of Pima County jail officials and was transferred to the Department of Corrections (DOC) six days later pursuant to a parole violation hold. It also appears, based on the statements of counsel and the city magistrate at the hearing on Daniels's motion to dismiss the charges, that the city court's release order did not mention there was a hold of any kind on Daniels, nor did it contain any other information showing he would be transferred to DOC. Because he was in DOC's custody, Daniels did not appear for the February 23 pretrial conference, and the city magistrate issued a warrant for his arrest. Daniels was released from DOC eleven months later, and the warrant was quashed on December 12. The case was then scheduled to proceed.

In June 1997, Daniels filed a motion to dismiss the charges, which the city magistrate granted, without prejudice, based on *State v. Lacy*, 187 Ariz. 340, 929 P.2d 1288 (1996), and *Snow v. Superior Court*, 183 Ariz. 320, 903 P.2d 628 (App.1995). The state appealed to the superior court. Citing *Snow* and *Humble v. Superior Court*, 179 Ariz. 409, 880 P.2d 629 (App.1993), and characterizing the dismissal as having been with prejudice, the respondent judge affirmed. The judge found that, because "the state failed to search for the defendant with due diligence" before requesting that a warrant be issued, the time limits of Rule 8 continued to run.

Rule 8.3 pertains to the speedy trial rights of individuals in prison, both within and without this state. Subsection (b) provides as follows:

(1) Any person who is imprisoned in this state may request final disposition of any untried indictment, information or complaint pending against the person in this state. The request shall be in writing addressed to the court in which the charge is filed and to the prosecutor charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Subsection (b)(3) requires that the prisoner be brought to trial on such charges within ninety days after the request is sent. By its own terms, this rule, not Rule 8.2 on which Daniels relied in his motion to dismiss, applies to persons, such as Daniels, who are in prison and who have been charged with other crimes. Indeed, as the comment to the rule provides, it "codifies the right of persons imprisoned for other crimes to a speedy trial." Rule 8.2, on the other hand, sets forth the time limits for all other defendants, including those in pretrial custody on the pending charges themselves.

Daniels argues that Rule 8.3 merely allowed him to request a final disposition of his case, but did not require him to do so, and that the state was obligated to exercise due diligence in finding him regardless of whether he asked for a final disposition or demanded that he be taken to his pretrial conference. We agree the rule is couched in permissive terms. If a prisoner chooses not to request a final disposition of pending charges, however, we do not believe he or she may then claim the time limits under Rule 8 have been violated. As previously stated, the time limits under Rule 8.2 do not

apply. The limits of Rule 8.3 do not begin to run unless and until the prisoner requests a final disposition. It was incumbent upon Daniels to request a final disposition to enforce his rights under that rule.

We also reject Daniels's related claim, which the respondent judge and the city magistrate accepted, that because the state did not locate him, none of the time after the warrant was issued may be excluded under Rule 8.4. Again, in arguing this issue below, Daniels erroneously applied the limits of Rule 8.2. Moreover, the cases relied upon by the city magistrate and the respondent judge for the proposition that the state has an obligation to exercise due diligence in finding a defendant do not apply here. In *Snow* and *Humble*, the defendants were not properly served with a summons or arrest warrant and could not be deemed to have had notice of the proceedings. *Lacy* involved preindictment delay and clearly does not apply. It is undisputed that Daniels was arrested, arraigned, and told that his pretrial hearing would be February 23, 1996. In addition, it appears neither the city magistrate nor the city prosecutor knew that, when Daniels was released on the city court charges, there was a parole hold on him and that he was then taken into DOC custody, where he remained until December.

We find that the respondent judge erred when he concluded that the state had a duty to search for Daniels and that, because the state had failed to find him, Daniels could claim that his rights under Rule 8 were violated, notwithstanding the fact he knew about the February 23 pretrial conference and neither demanded that he be permitted to attend nor requested a final disposition pursuant to Rule 8.3(b)(1). The respondent judge's order affirming the dismissal is reversed, and this matter is remanded to the Tucson City Court for further proceedings.

DRUKE and FLOREZ, JJ., concur.