IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| SUSAN SCHEERER, | ) | |
| | ) | 2 CA-SA 2012-0006 |
| Petitioner, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| HON. CLARK MUNGER, Judge of the | ) | |
| Superior Court of the State of Arizona, | ) | |
| in and for the County of Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR20114000001

JURISDICTION ACCEPTED; RELIEF GRANTED

Michael J. Bloom, P.C.
  By Michael J. Bloom                                                        Tucson
                                                          Attorneys for Petitioner

Barbara LaWall, Pima County Attorney
  By Nicolette Kneup                                                        Tucson
                                              Attorneys for Real Party in Interest

BRAMMER, Judge.

¶1      In this special action, petitioner Susan Scheerer challenges the respondent judge's order granting the state's appeal and remanding her case to Pima County's Consolidated Justice Court for resentencing. We accept jurisdiction because Scheerer has no equally plain, speedy and adequate remedy by appeal. *See State ex rel. McDougall v. Riddel*, 169 Ariz. 117, 117, 817 P.2d 62, 62 (App. 1991) (special action "only avenue remaining for review" of superior court's decision on appeal from court of limited jurisdiction), *citing* A.R.S. § 22-375(B) and Ariz. R. P. Spec. Actions 1(a). Additionally, the petition presents "a pure issue of law that may be decided without further factual inquiry." *Id.* at 117-18, 817 P.2d at 62-63. We grant relief for the reasons that follow. In sum, although the respondent judge ruled correctly that the justice court had imposed an illegally lenient sentence, we conclude he abused his discretion in ordering that "[n]o credit shall be given" against a jail term ordered on resentencing "for any period [Scheerer] spent" in the home detention originally ordered.

## Background

¶2      On July 6, 2011, Scheerer pleaded guilty in justice court to driving with an alcohol content of .20 or more, A.R.S. § 28-1382(A)(2) (extreme DUI), and, over the state's objection, was placed on unsupervised probation for twelve months and sentenced to 180 days in the Pima County jail, with 135 days suspended, two days of actual incarceration, and forty-three days to be served in home detention supervised by Southwest Intervention Services (SIS). Scheerer was ordered to report for two days of

2

incarceration at 9:00 a.m. on July 11, and to complete her forty-three days of home detention by October 28.

¶3        On July 8, the state appealed from the justice court's sentence as illegally lenient, arguing it failed to comply with § 28-1382(D)(1), which specifies that a person convicted of violating § 28-1382(A)(2) "shall be sentenced to serve not less than forty-five consecutive days in jail and is not eligible for probation or suspension of execution of sentence unless the entire sentence is served."  Scheerer reported for incarceration at the Pima County jail on July 11 and was released on July 13; she completed a forty-three-day period of home detention with SIS by August 31.  She then moved to dismiss the state's appeal as moot, on the ground she already had served the sentence imposed by the justice court.

¶4        The respondent judge denied Scheerer's motion to dismiss the appeal and agreed with the state that "imposition of house arrest for 43 of the mandatory 45 days incarceration is not sufficient to satisfy" the sentence mandated by § 28-1382(D)(1), noting that "no such program [for home detention] exists in Pima County."  The respondent remanded the matter to the justice court "with instructions to impose a sentence in accordance with the law," adding, "No credit shall be given for any period spent in house arrest."

¶5        In this petition for special action contesting the respondent judge's order, Scheerer argues (1) because "the sole issue on appeal [was] the validity of the sentence imposed," the state's appeal was rendered moot by her completion of the sentence, and

(2) because the state never sought a stay of the sentence imposed and "allowed the sentence to remain in effect . . . [she] was obliged to serve it" and, as a result, "having already served the entirety of the sentence imposed by the Tr[ia]l Court," she "would be ordered to serve another sentence for the same conviction."

**Discussion**

**¶6** The respondent judge correctly concluded the home-detention sentence imposed by the justice court was not authorized and therefore was illegal. *See State v. Vargas-Burgos*, 162 Ariz. 325, 326, 783 P.2d 264, 265 (App. 1989) (court may only impose sentence authorized by statute). Section 11-459, A.R.S., permits a county sheriff to establish a "home detention" program for certain classes of offenders. *See also* A.R.S. § 9-499.07 (similar authorization for home detention programs established by cities, towns or municipalities). But a county sheriff may establish a home detention program "for persons who are sentenced to jail confinement pursuant to [A.R.S. §§] 28-1381 or 28-1382" only when authorized to do so by "a majority vote of the full membership of the board of supervisors after a public hearing and a finding of necessity." § 11-459(L). In addition, offenders like Scheerer, who have been convicted of extreme DUI pursuant to § 28-1382, are not eligible for such a program unless "the prisoner first serves a minimum of twenty per cent of the initial term of incarceration in jail before being placed under home detention . . . ." § 11-459(N).[1]

---

[1]Effective January 1, 2012, a county now may establish directly a home detention program for DUI defendants, after meeting the same requirements of a majority vote,

4

¶7 Scheerer does not dispute that no home detention program for DUI offenders has been authorized or established in Pima County. "Courts have power to impose sentences only as authorized by statute and within the limits set down by the legislature." *State v. Harris*, 133 Ariz. 30, 31, 648 P.2d 145, 146 (App. 1982). Because the legislature has approved of home detention as a sentence for DUI offenders only when authorized by a county in a manner specifically provided by statute, the sentence imposed on Scheerer by the justice court was illegal.

¶8 Additionally, the respondent judge correctly rejected Scheerer's argument that the state's appeal was "moot" because she had completed her sentence. The state is authorized to appeal an illegally lenient sentence imposed in a court of limited jurisdiction. *See* A.R.S. § 13-4032(5); *Litak v. Scott*, 138 Ariz. 599, 601, 676 P.2d 631, 633 (1984). Concluding such an appeal is "moot" because a sentence already had been completed essentially would nullify the state's right to appeal in many cases. Scheerer relies, as she did below, on *State v. Hartford*, 145 Ariz. 403, 405, 701 P.2d 1211, 1213 (App. 1985), in which the court stated, "[W]hen an entire sentence has been served prior to consideration of that *sole* issue on appeal, the validity of its imposition is a moot question." But in *Hartford*, the defendant's challenge to the manner in which his sentence was imposed was rendered moot because it would have been impossible to negate a sentence he had served to completion and from which he already had been

public hearing and finding of necessity set forth in § 11-459(L). *See* A.R.S. § 11-251.15(I).

discharged. *See id.* In contrast, the state's appeal of an illegally lenient sentence leads to no such logical impossibility; for example, an increased sentence may be imposed after the state's appeal of an illegal sentence, as long as the defendant is afforded credit for time he or she already has served. *See* A.R.S. § 13-712(C) ("If a sentence of imprisonment is vacated and a new sentence is imposed on the defendant for the same offense, the new sentence is calculated as if it had commenced at the time the vacated sentence was imposed, and all time served under the vacated sentence shall be credited against the new sentence.").

¶9 Scheerer also argues that, because the state never sought a stay of her original sentence, the respondent judge's order that she not be credited with the time she served in home detention, thus requiring her to serve an additional forty-three days in jail, would result in her being "punished twice for the same conduct." *See State v. Welch*, 198 Ariz. 554, 555, 12 P.3d 229, 230 (App. 2000) (Double Jeopardy Clause "protect[s] against . . . multiple punishments for the same offense"); *cf. State v. Johnson*, 105 Ariz. 21, 22, 458 P.2d 955, 956 (1969) ("Punishment already exacted for an offense must be fully credited in imposing sentence upon a new conviction for the same offense.") Although the state is correct that the justice court's sentence was unauthorized, it does not dispute that Scheerer had been sentenced to home detention as "punishment" for her offense or that, had the sentence been authorized in Pima County, it would have been "treated the same as confinement in jail." A.R.S. § 11-459(A). Instead, the state maintains Scheerer has not served the term of incarceration required by statute and

6

should not benefit from "arrang[ing] a home detention sentence in direct contravention to the statute" and over the state's objection.

¶10    In light of Scheerer's assertion she was "obliged to serve" the sentence imposed by the justice court or face contempt of court, we granted the parties leave to address Rule 7.2(c)(2)(A), Ariz. R. Crim. P., Rule 30.3, Ariz. R. Crim. P., and Rule 6(c), Ariz. Super. Ct. R. App. P.—Crim., and their effect, if any, on the merits of the petition. Pursuant to Rule 7.2(c)(2)(A), Ariz. R. Crim. P., when a defendant has been tried in a court of limited jurisdiction and "convicted of any offense for which a sentence of incarceration has been imposed, upon filing of a timely notice of appeal, the defendant shall remain, pending appeal, under the same release conditions imposed at or subsequent to the time of the defendant's initial appearance or arraignment." Similarly, Rule 6(c), Ariz. Super. Ct. R. App. P.—Crim., provides: "Execution of sentence shall be stayed pending appeal . . . when the appeal is taken on defendant's own recognizance. 'Sentence' shall include any fine, jail term, or other penalty, including a term of probation, imposed by the court." Although these rules might suggest a stay of sentence is self-executing for a defendant, like Scheerer, who is on release status when convicted, Rule 30.3, Ariz. R. Crim. P., provides that, upon receiving notification of an appeal from a limited jurisdiction court, "the presiding officer shall immediately stay the execution of any element of the sentence requiring the incarceration of the defendant." In its supplemental brief, the state acknowledged the presiding officer of the justice court never issued a stay of Scheerer's sentence pursuant to Rule 30.3, and the state never requested

7

such an order. In the absence of an order staying her sentence, we cannot say Scheerer was at fault for having complied with the justice court's order to report for two days of incarceration and complete forty-three days of home detention with SIS.

¶11 Our supreme court's decision in *Schwichtenberg v. State*, 190 Ariz. 574, 951 P.2d 449 (1997), is instructive in determining the effect of Scheerer's completion of the sentence the justice court imposed on her with respect to resentencing on remand. In that case, a defendant was convicted of committing burglary offenses while on parole from a prison sentence imposed for grand theft. *Id.* ¶ 2. The court revoked his parole and sentenced him to a 5.25-year prison term for the burglary, to be served consecutively to his remaining prison term for grand theft. *Id.* But the Arizona Department of Corrections (ADOC) released Schwichtenberg in error after his theft sentence had been served, and before he began serving his sentence for the burglary. *Id.* ¶ 3. Nearly ten years later, Schwichtenberg brought the mistake to ADOC's attention by seeking an absolute discharge on the sentence, credit for time served while he was mistakenly paroled, or commutation of his sentence, and ADOC ordered him to report to begin serving the sentence imposed. *Id.* ¶¶ 4-5.

¶12 Schwichtenberg filed a petition for special action, and the supreme court granted relief, concluding, under the "installment theory," that an inmate mistakenly released through no fault of his or her own "is entitled to credit for his time at liberty" resulting from the error. *Id.* ¶¶ 20-25. The court in *Schwichtenberg* clarified that "it is irrelevant which state entity made the mistake that led to the erroneous release" and that a

8

released inmate would not be found "at fault" for the state's error unless he had "done something he was not entitled to do or refrained from doing that which he had a duty to do." *Id.* ¶¶ 22-23.

¶13 Although this case involves a defendant who has served the sentence imposed by the court, and not a premature release, applying the principles of *Schwichtenberg*, Scheerer cannot be said to have done something she was not entitled to do or to have refrained from performing a duty owed. *See id.* ¶ 23. Absent a stay of execution, Scheerer was entitled to rely on the sentence imposed and, indeed, may have been required to do so. Whether the presiding officer of the justice court erred by failing to stay the sentence when the state filed its appeal or the state erred by failing to seek such a stay is irrelevant to the result. Scheerer served the jail and home detention sentence imposed and has been released from that sentence. Having completed that sentence, as "[p]unishment already exacted for an offense," *Johnson*, 105 Ariz. at 22, 458 P.2d at 956, she is entitled to forty-five days of credit for time served applied against any jail term imposed by the justice court on remand. We conclude the respondent judge abused his discretion in ordering a contrary result.

**Disposition**

¶14 The respondent judge correctly ruled that the justice court erred in sentencing Scheerer to home detention, in lieu of actual incarceration, for her violation of § 28-1382. Because such a program has not been adopted in Pima County, as required by § 11-459, this was not a statutorily authorized sentence. We grant relief, however, and

9

amend the respondent's order to require that, at resentencing by the justice court, Scheerer be awarded credit for all time served in jail and in home detention.

/s/ J. William Brammer, Jr.
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

/s/ Peter J. Eckerstrom
PETER J. ECKERSTROM, Presiding Judge

/s/ Joseph W. Howard
JOSEPH W. HOWARD, Chief Judge