NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS LEAUDRE WEBB, *Appellant.*

No. 1 CA-CR 16-0497
FILED 6-13-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-002132-001
The Honorable Warren J. Granville, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Nicholaus Podsiadlik
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1        Carlos Leaudre Webb appeals his resentencing on counts one through three that this court had ordered from an earlier appeal. He argues the trial court erred by failing to give him sufficient presentence incarceration credit, and by designating count five as a dangerous offense. The State concedes that the court did not properly calculate the presentence incarceration credit and, thus, we modify the July 6 sentencing minute entry. In all other respects, we affirm.

## BACKGROUND

¶2        Webb was convicted by a jury of attempted second degree murder (count one), kidnapping (count two), and two counts of aggravated assault (counts three and five). He was sentenced to an aggravated prison term of twenty years on count one, eighteen years on count two, and ten years on count three, as well as a presumptive term of seven and one-half years on count five. The court ordered the sentences on counts two, three, and five to run concurrently, but consecutive to the sentence imposed on count one.

¶3        Webb filed an appeal. *State v. Webb (Webb I)*, 1 CA-CR 14-0546, 2016 WL 1273302, at *2, ¶ 8 (Ariz. App. Mar. 31, 2016) (mem. decision). This court affirmed Webb's convictions on all counts and the sentence on count five, but vacated and remanded for resentencing counts one through three. *Id*. at *5, ¶ 21. On remand, the trial court sentenced Webb to aggravated, consecutive prison terms of twenty years on count one and eighteen years on count two. The court sentenced Webb to a presumptive prison term of seven and one-half-years on count three, and ordered it, as well as count

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

five, to be concurrent with count one. The court then awarded Webb 1526 days of presentence incarceration credit on counts one and three.

¶4        Webb then timely appealed. We have jurisdiction over his appeal pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(4).[2] Because we previously affirmed his conviction and sentence on count five, including the dangerousness designation, in his first appeal, and did not remand it for resentencing, we have no jurisdiction to consider it upon this second appeal. *Cf. State v. Nordstrom*, 230 Ariz. 110, 116, ¶ 19, 280 P.3d 1244, 1250 (2012) (noting that after convictions are affirmed on appeal, the trial court does not have jurisdiction on remand to consider attacks on the validity of convictions).

## DISCUSSION

¶5        Webb argues the court failed to award proper presentence incarceration credit. The State concedes error, acknowledging that Webb was in custody for 1527 days on the underlying charges prior to trial.

¶6        Based on the State's concession, and our own review of the record, we modify the sentencing minute entry to reflect that Webb is awarded 1527 days of presentence incarceration credit, to be applied to the total sentence. *State v. McClure*, 189 Ariz. 55, 57, 938 P.2d 104, 106 (App. 1997) (noting that when consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences); *see also* A.R.S. § 13-4037; *State v. Stevens*, 173 Ariz. 494, 495–96, 844 P.2d 661, 662–63 (App. 1992) (correcting presentence incarceration credit without remanding to the trial court).

¶7        Webb also argues the court erred by designating count five as a dangerous offense without a jury finding of dangerousness. He did not raise the issue in *Webb I*, and we affirmed the count five sentence. As a result, the issue is "beyond the scope of the matter remanded to the trial court" and we will not now consider it. *State v. Hartford*, 145 Ariz. 403, 405, 701 P.2d 1211, 1213 (App. 1985); *see also State v. Schackart,* 190 Ariz. 238, 255, 947 P.2d 315, 332 (1997).

---

[2]        We cite to the version of the statute in effect at the time of trial unless otherwise noted.

**CONCLUSION**

**¶8**    Because the State conceded error in the presentence incarceration credit calculation, we modify the July 6 sentencing minute entry to reflect 1527 days of presentence incarceration credit, but otherwise affirm.

