THE DEPARTMENT OF REGISTRATION AND EDUCA-
TION, Appellee, v. JAMES A. AMAN *et al.*, Appel-
lants.

*Opinion filed January 26, 1973.*

JAMES M. DRAKE, of Springfield, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield
(ROBERT A. TINGLER, Special Assistant Attorney Gene-
ral, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion
of the court:

On July 11, 1969, plaintiff, the Department of
Registration and Education, issued to defendant, James A.
Aman, a notice of suspension, in which it was stated that
he was suspended from the position of Professional
License Investigator pending filing of formal charges with
the Director of Personnel, seeking his discharge. On August
11, 1969, the Department of Personnel approved defend-
ant's discharge. Defendant requested a hearing before the
Civil Service Commission; the hearing officer who heard

the matter recommended that defendant be discharged; and the Civil Service Commission overruled its hearing officer's recommendation and ordered that defendant be retained in his position. Plaintiff filed an action in the circuit court of Sangamon County under the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 264 *et seq.*), defendant moved to dismiss the cause, and upon allowance of the motion the circuit court entered judgment in favor of defendant. Plaintiff appealed, the appellate court reversed (3 Ill. App. 2d 784), and we allowed defendant's petition for leave to appeal.

The appeal presents the single question of whether the plaintiff may seek administrative review of a decision of the Civil Service Commission.

Defendant's contention is that the plaintiff, as an administrative agency of the State, had no "standing" to seek review of the order of another administrative agency. Plaintiff contends that section 11a of the Personnel Code (Ill. Rev. Stat. 1969, ch. 127, par. 63b111a) provides for administrative review of all decisions of the Civil Service Commission and the plaintiff, therefore, had standing to institute the action for administrative review.

Section 11a (par. 63b111a) provides:

"Sec. 11a. All final administrative decisions of the Civil Service Commission hereunder shall be subject to judicial review pursuant to the provisions of the 'Administrative Review Act', approved May 8, 1945, as heretofore or hereafter amended. The term 'administrative decision' is defined as in Section 1 of the 'Administrative Review Act.' "

We question whether the fact that the statute provides for the review of "All administrative decisions" is relevant to the issue of whether plaintiff has standing to bring the action. The Administrative Review Act provides in pertinent part:

"This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act." (Ill. Rev. Stat. 1969, ch. 110, par. 265.)

With minor variations, not here relevant, the provisions for administrative review are in the form of either paragraph 11a of the Personnel Code, or one of the following:

> "Judicial review. A person affected by a final administrative decision of the Department may seek review only under the 'Administrative Review Act ', as now and hereafter amended. The 'Administrative Review Act' and the rules adopted pursuant to it govern proceedings for the judicial review of final administrative decisions of the Department. The term 'administrative decision' means an administrative decision as defined in the 'Administrative Review Act.' " Ill. Rev. Stat. 1969, ch. 10 4/5, par. 119.

> "Administrative review. The provisions of the 'Administrative Review Act,' approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board provided for under this Article. The term 'administrative decision' is defined as in Section 1 of said 'Administrative Review Act.' " Ill. Rev. Stat. 1969, ch. 108½, par. 18—164.

Language identical to paragraph 11a is found in legislative enactments where the only agency involved is the one empowered to make the final decision from which administrative review may be sought (*e.g.*, Ill. Rev. Stat. 1969, ch. 10½, par. 13f; ch, 37, par. 760.6), and obviously does not give it standing to seek review of its own decisions.

We have examined the authorities cited by the parties, many of which are discussed in the appellate court opinion, and conclude that because of the clearly distinguishable statutory provisions involved they are of little precedential value.

We agree with the appellate court that there is no constitutional principle which prevents a governmental agency from seeking administrative review of the decision of another agency. The great diversity in the statutory provisions creating or conferring power upon administrative agencies does not permit universal application of a

rule, and in each instance the question must be determined by the pertinent statutory provisions, the relationship which the agencies bear to each other, and the nature of the controversy out of which the administrative decision arises.

The Personnel Code (Ill. Rev. Stat. 1969, ch. 127, par. 63b101 *et seq.*) provides for the gubernatorial appointment of a Civil Service Commission (par. 63b107(c)). Section 8 of the Code (par. 63b108) provides for submission of rules proposed by the Department of Personnel to the Civil Service Commission which if "not disapproved by the Commission *** shall thereafter have the force and effect of law ***." Section 10 of the Code empowers the Commission to require reports from the Director of Personnel, to disapprove original or amended rules promulgated by the Department of Personnel, to approve or disapprove position classifications and revisions of such classifications, to hear appeals of employees who do not accept position allocations or classification changes, and to hear charges seeking discharge, demotion and suspension of employees.

In our opinion the statutory provisions show that the General Assembly intended that the Civil Service Commission be an independent agency empowered to decide the matters within the scope of its statutory power, independent of, and adversely to, the Department of Personnel and every State agency whose employees are subject to the Personnel Code.

Defendant argues that a decision of this court holding that plaintiff has standing to seek administrative review will create an invitation to interdepartmental litigation. We have considered the argument and do not find it persuasive. This record presents a controversy between plaintiff and defendant and a final decision of an independent administrative agency. In that posture, we hold that plaintiff has standing to seek administrative review, and the judgment of the appellate court is affirmed.

*Judgment affirmed.*