NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PALOMA IRRIGATION AND DRAINAGE DISTRICT, et al.,
*Plaintiffs/Appellants/Cross-Appellees*,

*v.*

SALT RIVER VALLEY WATER USERS' ASSOCIATION, et al.,
*Defendants/Appellees/Cross-Appellants.*

No. 1 CA-CV 17-0215
FILED 7-3-2018

Appeal from the Superior Court in Maricopa County
No.  LC2014-000509-001; LC2014-000554-001
(Consolidated)
The Honorable Daniel J. Kiley, Judge

**VACATED AND REMANDED WITH DIRECTIONS**

COUNSEL

Moyes Sellers & Hendricks, Phoenix
By Keith L. Hendricks, Joshua T. Greer
*Counsel for Plaintiffs/Appellants/Cross-Appellees*

Salmon, Lewis & Weldon, P.L.C., Phoenix
By John B. Weldon Jr., Mark A. McGinnis, Daniel B. Jones
*Counsel for Defendant/Appellee/Cross-Appellant Salt River Valley Water Users'*
*Association*

Arizona Department of Water Resources, Phoenix
By Kenneth C. Slowinski, Janet L. Miller, Kimberly R. Parks
*Counsel for Defendants/Appellees/Cross-Appellants Thomas Buschatzke and*
*Arizona Department of Water Resources*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**M O R S E**, Judge:

¶1        This appeal and cross-appeal arise from the approval of multiple applications to appropriate water from the Salt and Verde Rivers granted by the Director of the Arizona Department of Water Resources ("Department"). Because the Paloma Irrigation and Drainage District, Arlington Canal Company, and Enterprise Ranch (collectively "LG Water Users") are not proper appellants pursuant to Arizona Revised Statutes ("A.R.S.") § 41-1092.03(B), we vacate the superior court's order remanding the appeal to the Director and remand the case to the superior court to enter an order of dismissal.

**FACTS AND PROCEDURAL HISTORY**

¶2        In 1906, the Salt River Valley Water Users' Association ("SRVWUA") filed a notice of appropriation for all the surplus and flood waters in the Salt River below its confluence with the Verde River and in 1914 for all the surplus and flood waters in the Verde River. In 1919, the Arizona Public Water Code (the "1919 Code") was adopted, establishing a new process for obtaining a permit to appropriate water and creating the State Water Commissioner to administer the permitting process. 1919 Ariz. Sess. Laws, ch. 164, §§ 2 and 5. The 1919 Code did not apply to appropriations that were initiated before the 1919 Code took effect. 1919

2

Ariz. Sess. Laws, ch. 164, §§ 1 and 56.  In 1980, the Department took over administrative responsibility for the permitting process.[1]

¶3        In 1920 and 1921, SRVWUA filed eight applications to construct dams and reservoirs on the Salt and Verde Rivers.  SRVWUA believed the applications were not necessary because the projects were initiated before the 1919 Code came into effect but "has continued to pursue them out of an abundance of caution."  The Department did not grant permits for the original applications, and the Department's records indicate that many of the applications were cancelled or rejected, but the records do not specify a reason for the decision or whether the Department informed SRVWUA of the decision.  Despite not receiving permits, SRVWUA completed construction of six dams and reservoirs along the Salt and Verde Rivers between 1921 and 1946: Mormon Flat Dam (Canyon Lake), Horse Mesa Dam (Apache Lake), Stewart Mountain Dam (Saguaro Lake), Bartlett Dam and Reservoir, Horseshoe Dam and Reservoir, and an enlargement of Roosevelt Dam and Reservoir.  SRVWUA did not include Stewart Mountain Dam, Bartlett Dam, or Horseshoe Dam in its original applications, and it did not construct four other projects that were included in the original applications.

¶4        Between 1930 and 1993, the Department sent eight letters asking SRVWUA to advise the Department how it wanted to proceed with the applications.  SRVWUA only responded to three of those inquiries (in 1932, 1976, and 1993), but in 1994, SRVWUA filed amended applications to reactivate and perfect the original applications.  The amended applications were intended to provide the as-built information for the dams and reservoirs, to include all of the beneficial uses of the water, and to add new places of use.

¶5        On July 19, 2013, the Department issued a decision signaling its intent to approve the amended applications and issue six draft permits—one for each of the six existing reservoirs.  The LG Water Users appealed the decision.  During a 15-day hearing before an Administrative Law Judge ("ALJ"), the LG Water Users, SRVWUA, and the Department presented evidence and expert testimony.  On September 2, 2014, the ALJ issued his decision ("ALJ Decision"), finding the LG Water Users met their burden of proof for eight of the issues raised on appeal, including that the permits were against the interest and welfare of the public.  The ALJ also found that the LG Water Users had not met their burden of proof for ten of the issues, and specifically found that the LG Water Users had not established that the

---

[1]        All references to the Department include its predecessors.

permits would conflict with the LG Water Users' vested water rights. The ALJ also ordered that the permits be rescinded. Pursuant to A.R.S. § 41-1092.08(A) and (B), the ALJ sent his decision to the Director for review.

¶6 On October 1, 2014, the Director issued his final decision ("Director's Decision"), finding that the LG Water Users were not adversely affected and could not bring an appeal pursuant to A.R.S. § 41-1092.03(B) because they failed to establish that the permits would conflict with their vested water rights. The Director rejected the ALJ's findings of facts and conclusions of law related to the remaining issues on appeal and added that the remaining issues "do not raise any issues of harm to the LG Water Users separate from the issue" of a conflict with vested water rights. Finally, the Director denied the LG Water Users' appeal and ordered the permits be issued.

¶7 On October 29, 2014, the LG Water Users appealed the Director's Decision to the superior court, pursuant to A.R.S. § 12-904, and raised 16 issues. The Department filed a motion to dismiss 13 of the issues for lack of subject matter jurisdiction because, pursuant to A.R.S. § 12-904(A), judicial review is limited to final administrative decisions, and the Director did not make a final administrative decision on the merits of 13 issues raised on appeal. The superior court granted the motion, which left three issues: (1) whether the permits conflict with the LG Water Users' vested water rights, (2) whether the LG Water Users lacked standing to oppose the permits, and (3) whether the Department acted in an arbitrary and capricious manner, and abused its discretion in failing to consider the merits of the ALJ's Decision.

¶8 On September 12, 2016, the superior court affirmed the Director's finding that the LG Water Users had not met their burden of establishing the permits conflicted with their vested water rights but vacated the Director's decision to reject the remainder of the ALJ's Decision and remanded the case to the Director. On remand, the superior court ordered the Director to conduct a review of the ALJ's findings of facts and conclusions of law relating to the issue of "whether issuance of the disputed permits is against the interests and welfare of the public, which Findings of Fact and Conclusions of Law shall be accepted unless substantial evidence is found to justify rejecting them[,]" and to rescind the order granting issuance of the permits unless substantial evidence justifies rejecting the ALJ's Decision. The superior court also ordered a redetermination as to whether the LG Water Users were given notice and an opportunity to be heard on the issue of standing and, if standing is found, a review of the merits as to the remaining issues in the ALJ's Decision.

4

**¶9** The LG Water Users appealed the superior court's decision, and the Department and SRVWUA cross appealed. We have jurisdiction pursuant to A.R.S. § 12-913. *State ex rel. Ross v. Nance*, 165 Ariz. 286, 287 (1990) (noting that the superior court's judgment on appeal from an administrative hearing is appealable to the court of appeals pursuant to A.R.S. § 12-913).

## DISCUSSION

**¶10** We must affirm an agency decision "unless the court concludes that the agency's action is contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(E); *see also Gaveck v. Ariz. State Bd. of Podiatry Exam'rs*, 222 Ariz. 433, 436, ¶¶ 11-12 (App. 2009) (noting the appeals court applies the same standard of review as the superior court when reviewing an appeal from an administrative decision). The court defers to the agency's factual findings that are supported by substantial evidence. *Id.* at ¶ 11. "Whether substantial evidence exists is a question of law for our independent determination." *Id.* at ¶ 12. "[W]e are not bound by the agency's or superior court's legal conclusions or statutory interpretations." *Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 322-23, ¶ 10 (App. 2017). "In reviewing the superior court's ruling affirming an agency's order, we 'independently examine the record to determine whether the evidence supports the judgment,' under a preponderance of the evidence standard." *Id.* (quoting *Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 557, ¶ 7 (App. 2002); Ariz. Admin. Code ("A.A.C.") R2-19-119(A)).

## I. Dismissal for Lack of Authority to Appeal.

**¶11** Because it is a threshold issue, we begin our analysis by determining whether the LG Water Users were authorized to request an administrative appeal pursuant to A.R.S. § 41-1092.03(B).

**¶12** In Arizona, standing is a question of judicial restraint and not a constitutional requirement. *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs.*, 148 Ariz. 1, 6 (1985). However, where the legislature has expressly established requirements for who may request a hearing on an appealable agency action, we must look to the statutory requirements and not traditional standing jurisprudence. *See* A.R.S. § 41-1092.03(B); *see also Smith v. Trott*, 36 Ariz. 166, 168 (1930) ("[W]here the right is neither given nor denied by the Constitution, it is within the discretion of the legislative authority to say in what cases and under what circumstances appeals may be taken."); *Guminski v. Ariz. State Veterinary Med. Examining Bd.*, 201 Ariz.

180, 182, ¶ 8 (App. 2001) (noting the right to appeal an administrative decision "exists only by force of statute and is limited by the terms of the statute").

**¶13** The statute limits who "may obtain a hearing on an appealable agency action" to (1) the "party whose legal rights, duties or privileges were determined" by the decision, or (2) a party who will be "adversely affected" by the agency action, exercised a right to comment on the action, and limited its appeal to issues raised in its comments. A.R.S. § 41-1092.03(B). "'Appealable agency action' means an action that determines the legal rights, duties or privileges of a party." A.R.S. § 41-1092(3). The party bringing the administrative appeal bears the burden of establishing it has a right to do so. *Ross v. Ariz. Dep't of Econ. Sec.*, 171 Ariz. 128, 129 (App. 1991); A.A.C. R2-19-119(B)(1) ("The party asserting a claim, right, or entitlement has the burden of proof.").

**¶14** The approval of the appropriation applications determined the legal rights, duties, or privileges of SRVWUA and was an appealable agency action. The LG Water Users submitted comments through their protest of the appropriation applications, and the issues they appealed were limited to the issues raised in their comments. Therefore, pursuant to A.R.S. § 41-1092.03(B), our analysis is limited to whether the LG Water Users will be "adversely affected" by the issuance of the permits.

**¶15** The SRVWUA argues that, based on *Ernst v. Superior Court of Apache Cty.*, 82 Ariz. 17 (1957), the applicant is the only party that may appeal a decision granting an application to appropriate. In *Ernst*, the Arizona Supreme Court considered whether appellants who held prior, vested water rights could appeal the commissioner's decision to grant four permits to appropriate. *Id.* at 17. The appellants argued that they had a right to appeal the commissioner's decision because they were "adversely affected" by the grant of the permits. *Id.* at 18. The appellants did "not contend that the commissioner's decision in granting the permits can disturb the vested water rights of prior appropriators." *Id.* at 19. The supreme court held that the appellants could not appeal the commissioner's decision because "such appropriators are in no way injured or bound by the decision and there are ample remedies for an invasion or attempted invasion of their rights." *Id.*; *see also Beach v. Superior Court of Apache Cty.*, 64 Ariz. 375, 382 (1946) (holding parties with prior appropriations may not appeal the commissioner's grant of an appropriation permit because the commissioner does not have jurisdiction to determine priority).

**¶16** Similarly, the LG Water Users have asserted that the Director's approval of the appropriation permits will conflict with their prior, vested water rights. However, the LG Water Users are not arguing that this case is about the priority of water rights; rather, it is about administrative procedures. The Director's approval of an appropriation application "does no more than allow the petitioner to initiate and perfect a valid appropriation of water, but it does not act as an adjudication between this water right and those of any other person." *Smith*, 36 Ariz. at 169. The general water adjudication, brought in superior court, determines the "nature, extent and relative priority of the water rights of all persons in the river system and source." A.R.S. § 45-252(A) and (C). Thus, because only the superior court can determine the priority of water rights, the LG Water Users' vested water rights are established and enforced independent of these applications and those rights cannot be adversely affected by the approval of the SRVWUA appropriation application. *Beach*, 64 Ariz. at 382.

**¶17** The LG Water Users argue that *Ernst* is not controlling based on subsequent statutory changes. However, the pertinent provisions of the statutes are essentially the same. First, from the 1919 Code to today, the Department is required to reject an application to appropriate water if it "conflicts with vested rights, is a menace to public safety, or is against the interest and welfare of the public." *Compare* A.R.S. § 45-153(A) (current statute), *with* 1919 Code, 1919 Ariz. Sess. Laws, ch. 164, § 7. Second, the decision to approve an appropriation application may be appealed only by a party who will be "adversely affected." *Compare* A.R.S. § 41-1092.03(B) ("may be filed by a party who will be adversely affected by the appealable agency action…."), *with* 1939 A.C.A., 1952 Ariz. Sess. Laws, ch. 117, § 5 ("may be taken by any person adversely affected by such decision."). Because the relevant portions of the statutes have not changed, we are bound by precedent to find that the LG Water Users "are in no way injured or bound by the decision." *Ernst*, 82 Ariz. at 19.

**¶18** Moreover, even if *Ernst* and *Beach* were not dispositive, the LG Water Users have not met their burden. During an administrative appeal, "[t]he party asserting a claim, right, or entitlement has the burden of proof." A.A.C. R2-19-119(B)(1); *see also Harvest v. Craig*, 195 Ariz. 521, 524, ¶¶ 14-15 (App. 1999) (finding the party seeking a right granted by statute generally has the "burden of proving that he comes within the ambit of the statute"). The LG Water Users argue it was SRVWUA's burden to prove there were no conflicting rights. However, the LG Water Users were the party asserting a statutory right to appeal the Director's Decision and, thus, had the burden of proof during the administrative appeal. A.R.S. § 41-1092.03(B); A.A.C. R2-19-119(B)(1). The LG Water Users' expert testified

that SRVWUA could divert "every single drop of water in the Lower Salt [River] and there could still be enough water coming in from [the] inflows below [SRVWUA's dams] to fully satisfy" the LG Water Users' historical demand. Thus, the Director's Decision that the LG Water Users had not demonstrated they were adversely affected was supported by substantial evidence, including sixty years of historical data demonstrating that the LG Water Users continue to have access to a "very similar" amount of water as they did in the 1920s.

**¶19** The LG Water Users also argue that they may appeal the permits based on *Ariz. Game & Fish Dep't v. Arizona State Land Department*, 24 Ariz. App. 29 (1975). We disagree. In *Ariz. Game and Fish*, the court held that a party may protest an appropriation application, and the agency may consider the protest in its final decision, even if the protester does not have a vested water right. *Id.* at 30. However, the court did not address whether a protester could appeal the agency's decision granting or denying an appropriation application. *Id.* (noting that a protestor that does not have vested water rights may not be permitted to appeal the final decision). Because this case does not address whether a protester may appeal an appropriation application, it does not further the LG Water Users' argument.

**¶20** For the foregoing reasons, the superior court should have affirmed the Director's Decision dismissing the appeal because the LG Water Users are not adversely affected and may not bring an appeal pursuant to A.R.S. § 41-1092.03(B).

## II.     Denial of Attorneys' Fees

**¶21** The LG Water Users appeal the superior court's denial of their attorneys' fees and request attorneys' fees on appeal pursuant to A.R.S. § 12-348(A).

**¶22** The court shall award fees and expenses to a party that "prevails by an adjudication on the merits" in a "court proceeding to review a state agency decision." A.R.S. § 12-348(A)(2). Because we found the LG Water Users were not proper appellants pursuant to A.R.S. § 41-1092.03(B), they are not entitled to fees and expenses in superior court or on appeal.

## CONCLUSION

**¶23** For the foregoing reasons, we vacate the superior court's order remanding the appeal to the Director and remand the case to be

dismissed because the LG Water Users are not proper appellants pursuant to A.R.S. § 41-1092.03(B).



AMY M. WOOD • Clerk of the Court
FILED: AA